. WATSON, Judge.
This is an appeal from the granting of a summary judgment in favor of the insurer-defendant in an executive officer suit. Plaintiff is Alton Credeur who alleges that he was injured while employed by Luke Engineering Corporation or Chemical Processing, Inc. and that his injuries were caused by the negligence of the defendant, Norbert Luke, an executive officer of these corporations. The defendant insurer is Continental Insurance Company, which had issued a policy of liability insurance with Luke Engineering Corp., Norbert Luke and Chemical Processing, Inc. DBA Pollution Disposal Service as named insureds. The policy included comprehensive coverage for general liability as well as automobile liability.
Continental filed a motion for summary judgment on the basis of provisions in its policy which, Continental contends, entitled it to judgment as a matter of law.
The trial court granted summary judgment to Continental; and both plaintiff Credeur and the defendant Luke have appealed.
The issue on appeal is whether, as a matter of law, Continental is entitled to a judgment dismissing the suit against it. The question turns on whether there is coverage under either the comprehensive liability or the automobile liability features of the policy-
The comprehensive coverage excludes insurance for injury resulting out of maintenance or use of automobiles in the following language:
“Exclusion
“This insurance does not apply:
* * * * * *
“(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
(1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or
(2) any other automobile or aircraft operated by any person in the course of his employment by any insured.” (TR. 71, back of page).
Elsewhere in the policy the term “automobile” is defined as meaning a “land motor vehicle, trailer or semi-trailer designed for travel on public roads” (page 59, back of page).
Thus, by its terms the policy excludes from comprehensive liability coverage, any injury to a person involved in the maintenance or use of a motor vehicle.
*1177 The plaintiff alleges that he was cleaning the inside of a tank truck belonging to his employer when injured. Obviously, the contended injury fits within the clear wording of the exclusion of the policy.
Next, we must consider whether there is coverage under the comprehensive automobile liability feature of the policy. Here, the employer claims the exclusion known as the “cross-employee exclusion”. The policy provides under section 2 “persons insured” as follows:
“None of the following is an insured: “(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment.” (TR. 62, back of page).
There is no question that Credeur was injured while engaging in the business of his employer and the question then becomes whether Luke was an employee within the contemplation of the quoted provision of the policy. The United States District Court for the Eastern District of Louisiana in Heiser v. Gibson, 386 F.Supp. 901 (1974) and the Court of Appeal, Fourth Circuit, in Mauterer v. Associated Indemnity Corp., 332 So.2d 570 (La.App. 4 Cir. 1976) have answered this issue unfavorably to plaintiff, holding that an executive officer is an employee for purposes of this exclusion. The reasoning of these courts appears to us to be sound and we adopt it.
Counsel for plaintiff resourcefully argues that the present case is distinguishable in that Luke was a named insured. However, the policy itself when identifying or defining persons “insured”, lists the various parties and immediately thereafter places a limitation upon who is to be considered an “insured” (TR. 62, back of page). The exclusion is plain and we find no reason to conclude that a named insured should be treated differently from any other.
The facts, the insurance policy and its exclusions and the legal principles involved in this case are virtually identical with those in the cited case of Mauterer v. Associated Indemnity Corp., supra. Therefore, we affirm the summary judgment in favor of the defendant-insurer on the basis that there is no coverage under its policy.
Costs are taxed one-half against the plaintiff, Alton Credeur, and one-half against the other appellant, the defendant, Norbert R. Luke.

AFFIRMED.