368 So.2d 1030 (1979)
Alton CREDEUR
v.
Norbert R. LUKE et al.
No. 63056, 63430.
Supreme Court of Louisiana.
March 5, 1979.
Rehearings Denied April 9, 1979.
Richard R. Kennedy, Lafayette, for plaintiff-applicant.
Edward C. Abell, Jr., Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for Continental Ins. Co. and Keith A. Steeles.
CALOGERO, Justice.[*]
We granted writs upon application of plaintiff, Alton Credeur and one of the defendants, Norbert Luke in this lawsuit which involves injuries sustained by plaintiff while cleaning the inside of a tank truck belonging to his employer Chemical Processing, Inc. d/b/a Pollution Disposal Service. Each applicant contends that the *1031 trial court erred in granting summary judgment to the insurer Continental Insurance Company and that the Court of Appeal erred in affirming that judgment. Whether Norbert Luke is covered by a comprehensive automobile liability policy issued by Continental Insurance Company is the only question in this case in its present posture.
Norbert Luke is a chemical engineer who is the president and owner of Luke Engineering Corporation and of Chemical Processing, Inc., d/b/a Pollution Disposal Service, both Louisiana corporations. Plaintiff Alton Credeur was employed by Chemical Processing, Inc. and at the time of the accident was working in the course and scope of his employment. There was in effect at the time of the accident a single policy of liability insurance incorporating provisions for comprehensive general liability and comprehensive automobile liability insurance issued by defendant, Continental Insurance Company. The named insureds on that policy were Chemical Processing, Inc., Luke Engineering Corporation, and Norbert Luke.
The courts below determined that neither the comprehensive general liability nor the comprehensive automobile liability provisions of the policy extended coverage to Norbert Luke, the former because of an exclusion applicable to bodily injury arising out of the ownership, maintenance, operation, use, loading, or unloading of any automobile, the latter because of a policy provision known as a "cross-employee exclusion." It is the latter exclusion to which our attention is directed in this case.
The comprehensive automobile liability feature of the policy provides that the insurer "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of C. bodily injury or D. property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading or unloading, of any automobile. . ." For present purposes in this litigation there is no contention being made that the comprehensive automobile feature of the liability policy is generally inapplicable to the tank truck related injury sustained by plaintiff.[1] Rather the insurer has urged, successfully in the lower courts, that even though Norbert Luke is a named insured in the policy he is not an insured with respect to bodily injury to plaintiff, a fellow employee injured in the course and scope of employment. Part II, "Persons Insured" is the provision at issue. It provides:
"II. PERSONS INSURED
Each of the following is an insured under this insurance to the extent set forth below:
(a) the named insured;
* * * * * *
None of the following is an insured:
(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment;"
* * * * * *
Continental has argued, and the courts below have accepted the argument, that the foregoing, known as the cross-employee exclusion, and the intent thereof, is to deny liability coverage as regards claims by employees who have a remedy under the workmen's compensation act. Manuel v. Liberty Mutual Insurance Company, 256 La. 480, 236 So.2d 807 (1970) and Myers v. Fidelity & Casualty Co. of New York, 152 So.2d 96 (La.App. 3rd Cir. 1963). Continental further contends and not without some support, that Norbert Luke, notwithstanding that he is president of plaintiff's employer, Chemical Processing, Inc., is a co-employee, a fellow employee of the plaintiff laborer, Credeur, and cites language to that effect in Manuel v. Liberty Mutual Insurance Company, supra.
*1032 In support of that conclusion Continental relies upon Heiser v. Gibson, 386 F.Supp. 901 (E.D.La.1974) and Mauterer v. Associated Indemnity Corporation, 332 So.2d 570 (La.App. 4th Cir. 1976) in addition to Manuel. In each of those cases it was concluded that an executive officer is an employee for the purpose of a cross employee The problem with relying upon those cases is that in no one of these cases was there involved as a purported co-employee of plaintiff's a named insured. The distinction in our view mandates a contrary result in this case. In a policy in which the only named insured is a corporate employer, it may indeed make sense coverage-wise to exclude as insureds all employees of the company including executives for the reason that injured co-employees are designedly restricted in the policy's contemplation to recovery of workmen's compensation benefits where injured in the course and scope of employment through the negligence of another employee of the company including by negligent operation of a motor vehicle. It is entirely another matter where a named insured is an individual who is also an employee of the corporation for whom the plaintiff employee works. The individual employed by the corporation, even as president, is not an employer of Alton Credeur and is not exposed to a workmen's compensation obligation, nor clothed with the protective features of the compensation act. The cross-employee exclusion is not, even arguably, designed to apply with respect to an individual who is not plaintiff employee's employer. See Motor Vehicle Casualty Company v. Smith, 247 Minn. 151, 76 N.W.2d 486 (1956).
Independent of the foregoing reasons, and more directly pertinent in the resolution of the legal issue before us, the provisions of the policy are ambiguous. In the one instance the policy declares that the named insured is an insured. In a second provision the policy declares in effect that an employee is not an insured (in given circumstances). The established rule is that any doubt or ambiguity as to the meaning of a provision in an insurance policy must be construed liberally in favor of the insured and against the insurer. When the ambiguity relates to a provision which limits liability under the policy, the law requires that the contract be interpreted liberally in favor of coverage. Craft v. Trahan, 351 So.2d 277 (La.App. 3rd Cir. 1977).

Decree
For the foregoing reasons the ruling of the district court sustaining the motion for summary judgment and the judgment of the Court of Appeal are reversed. The case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
SUMMERS, C. J., dissents for the reasons assigned by the Court of Appeal. See 362 So.2d 1175.
NOTES
[*] Judge Pike Hall, Jr., Louisiana Court of Appeal, Second Circuit, participated in this decision as an Associate Justice Ad Hoc.
[1] Plaintiff's injury occurred while he was cleaning the inside of a tank attached to a truck owned by Chemical Processing and used to carry crude oil and glycol. Plaintiff descended into the tank which was not ventilated without a gas mask or any other protective device. He was overcome by toxic fumes and lay unconscious in the tank until discovered.