370 So.2d 895 (1979)
Allen McGUIRE
v.
A. E. SMITH et al.
No. 12576.
Court of Appeal of Louisiana, First Circuit.
April 16, 1979.
Rehearing Denied May 29, 1979.
*896 Chris J. Roy, Alexandria, for Allen McGuire, plaintiff-appellee.
J. Rodney Ryan, Jr., Baton Rouge, for Bituminous Casualty Corp., intervenor-appellee.
Calvin E. Hardin, Jr., Baton Rouge, for Alfred E. Smith and George D. Carlton, defendants-appellants.
Before CHIASSON, EDWARDS and SARTAIN, JJ.
CHIASSON, Judge.
This is an appeal from the granting of a summary judgment in favor of an insurer, third party defendant. Plaintiff is Allen McGuire who alleges that he was injured[1] while employed by Servitron, Inc. and that his injuries were caused by the negligence of two defendants, Alfred E. Smith and George D. Carlton, who are, respectively, the president and construction superintendent of Servitron. Smith and Carlton filed a third party action against Bituminous Casualty Corporation, which had issued a policy of liability insurance to Servitron insuring Servitron and its executive officers. The policy included comprehensive general liability insurance and comprehensive automobile liability insurance.
Bituminous filed a motion for summary judgment on the basis of the provisions in its policy, which Bituminous contends, entitled it to judgment as a matter of law.
The trial court granted summary judgment to Bituminous, and third party plaintiffs, Smith and Carlton, have appealed.
Appellants made the following specifications of error:
1. The lower court erred in concluding that the "GENERAL LIABILITY AUTOMOBILE POLICY" of Bituminous did not, either under its "COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE" provisions or under its "COMPREHENSIVE GENERAL LIABILITY INSURANCE" provisions, or both, afford coverage to Smith and Carlton against the claims asserted against them by McGuire.
2. Irrespective of the above, the lower court erred in dismissing the claim of Smith and Carlton against Bituminous for attorneys' fees in defending this suit, in view of the allegations of liability and coverage in McGuire's petitions and in view of the allegations in the third party petition that Bituminous had failed and refused and neglected to defend Smith and Carlton against McGuire's claims upon the tendering of said defense to Bituminous.
The issue on appeal is whether, as a matter of law, Bituminous, the appellee, is entitled to a judgment dismissing the appellants' suit against it. The question turns on whether the policy affords coverage to the appellants against the claims asserted against them by McGuire, plaintiff in the main demand.
*897 Before we examine the pertinent policy provisions, we find from the record that appellee is not disputing that appellants are listed as insureds under the policy. Appellee's motion for summary judgment was based on the exclusions in the policy.
The comprehensive automobile liability feature of the policy provides that the insurer "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of C. bodily injury or D. property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, of any automobile . . ."
Appellants are listed as insureds in the comprehensive automobile liability feature of the policy. Following the listing of insured, the policy provides:
"None of the following is an insured:
(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment;" (Emphasis supplied)
Under the comprehensive automobile liability provisions appellee argued that since the appellants are employees of Servitron at the time of the alleged automobile accident, that they are not insureds by virtue of Part II, Persons Insured, the second paragraph, subsection (i), which is underscored above. [This section is known as the cross-employee exclusion].
The comprehensive general liability feature provides the insurer "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of A. bodily injury or B. property damage to which this insurance applies, caused by an occurrence."
Appellants are listed as insureds in the comprehensive general liability feature of the policy. In the exclusions' portion of the comprehensive general liability feature the following pertinent section provides:
"Exclusions
This insurance does not apply:
(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or

(2) any other automobile or aircraft operated by any person in the course of his employment by any insured;

but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the named insured or the ways immediately adjoining, if such automobile is not owned by or rented or loaned to any insured;" (Emphasis supplied).
[We designate this as the "automobile exclusion."]
Appellee argued that the appellants are insured under the policy but the "automobile exclusion", cited above, in the comprehensive general liability feature denies coverage to the appellants.
To summarize appellee's argument is essentially as follows: Appellants are insureds under the comprehensive automobile liability feature but coverage is denied them because of the "cross-employee exclusion"; appellants are insureds under the comprehensive general liability feature but coverage is denied them because of the "automobile exclusion."
Appellants' argument is simple. Servitron bought and paid for coverage for its corporate and executive officers; appellants are insureds in the policy and therefore coverage is afforded them under the policy against the plaintiff's claims.
Recently, the Louisiana Supreme Court discussed a cross-employee exclusion provision which is identical to the same provision in the instant case. Credeur v. Luke, et al., 368 So.2d 1030 (1979).
In Credeur the plaintiff had sued two corporations and the president of these corporations for injuries sustained in an accident while he was working in the course and scope of his employment. The defendants' insurer was granted a summary judgment *898 by the lower court on the basis under the comprehensive general liability provisions, coverage was denied by an automobile exclusion and under the comprehensive automobile liability provisions, coverage was denied because of the cross-employee exclusion. The Court in Credeur found the "cross-employee exclusion" was ambiguous.
We are aware of the Court's distinguishing a policy having as its only named insured a corporation and a policy having as a named insured an individual. As the Court said in Credeur:
"* * * In a policy in which the only named insured is a corporate employer, it may indeed make sense coverage-wise to exclude as insureds all employees of the company including executives for the reason that injured co-employees are designedly restricted in the policy's contemplation to recovery of workmen's compensation benefits where injured in the course and scope of employment through the negligence of another employee of the company including by negligent operation of a motor vehicle. It is entirely another matter where a named insured is an individual who is also an employee of the corporation for whom the plaintiff employee works. The individual employed by the corporation, even as president, is not an employer of Alton Credeur and is not exposed to a workmen's compensation obligation, nor clothed with the protective features of the compensation act. The cross-employee exclusion is not, even arguably, designed to apply with respect to an individual who is not plaintiff employee's employer. See Motor Vehicle Casualty Company, 247 Minn. 151, 76 N.W.2d 486 (1956)."
However, in the paragraph following the one just quoted above the Court stated:
"Independent of the foregoing reasons, and more directly pertinent in the resolution of the legal issue before us, the provisions of the policy are ambiguous. In the one instance the policy declares that the named insured is an insured. In a second provision the policy declares in effect that an employee is not an insured (in given circumstances). The established rule is that any doubt or ambiguity as to the meaning of a provision in an insurance policy must be construed liberally in favor of the insured and against the insurer. When the ambiguity relates to a provision which limits liability under the policy, the law requires that the contract be interpreted liberally in favor of coverage. Craft v. Trahan, 351 So.2d 277 (La. App. 3rd Cir. 1977)."
We find this language to be controlling in the instant case. We find the provisions of the policy in the instant case to be ambiguous. In the comprehensive automobile liability one provision declares the appellants are insureds, and in another provision (the cross-employee exclusion) the policy declares that the insureds are not insured. Since there is doubt or ambiguity as to the meaning of the provisions of the policy which limit liability under the policy, the policy must be construed liberally in favor of the insured for coverage.
For these reasons the judgment of the lower court sustaining the motion for summary judgment is reversed and the case is remanded for further proceedings not inconsistent with the views expressed herein. Costs of this appeal are assessed against appellee.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff alleges that his injury occurred because of the negligence of Smith and Carlton in giving him a defective truck to use, notwithstanding the fact that the vehicle in question caused the accident. Plaintiff's petition also alleges the truck malfunctioned, plaintiff lost control, and a collision resulted.