GUIDRY, Judge,
dissenting.
The majority, in effect, finds that Ball’s fuel truck, under the particular circumstances of the present case, is “mobile equipment” within the intendment of the automobile liability policy issued by Bituminous and therefore excluded from coverage under the Bituminous policy. I cannot agree.
The fuel truck is specifically listed on the schedule of vehicles in the Bituminous policy, and a specific premium was charged therefor. Furthermore, the policy’s general insuring language provides coverage for “.. . bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance, or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an owned automobile or of a temporary substitute automobile, ...” (emphasis supplied). The record established that the plaintiff’s injuries were sustained during the unloading of the fuel truck. In my view, the language of the policy, which expressly includes the function of “loading and unloading” in the definition of use for which coverage applies, coupled with the inclusion of the fuel truck in the schedule of insured vehicles, clearly indicates that the fuel truck was a covered automobile and that the occurrence was one clearly within the general insuring language.
The majority’s decision, in effect, rests on the conclusion that the fuel truck is “mobile equipment” within the meaning of the policy. The definition of “mobile equipment” contained in the policy delineates many types of equipment which are to be excluded from coverage. A fuel truck, such as that with which we are concerned, is not included in this delineation. In my view, insofar as this fuel truck is concerned, the mobile equipment exclusion is at best ambiguous. Provisions in insurance policies which exclude coverage are strictly construed against the insurer, and any ambiguities are resolved in favor of the insured. Credeur v. Luke, 368 So.2d 1030 (La.1979). Applying this jurisprudential rule to the case at hand, I am of the opinion that the Bituminous policy covers the vehicle and the accident in question.
*780 My dissent in this matter is not to be considered as an expression of opinion that coverage does not exist under the CGL policy issued by National Union Fire Insurance Company. The issue as to whether or not coverage is afforded Ball under the National Union policy is not before us in this appeal.
For these reasons, I respectfully dissent.