PER CURIAM.
Writ Granted in Part.
The court of appeal, 423 So.2d 652 (La. App.1982), found that plaintiff Seals had been disabled from working for a substantial period of time, but limited recovery of lost wages prior to trial to 20 weeks (as did the trial court), because the store at which he was employed, had burned 20 weeks after the accident.[1] This holding that “it would be unjust enrichment for plaintiff to recover weekly wages which he would not have been receiving in any event” arbitrarily assumes that plaintiff would not have sought work elsewhere after the fire, without consideration of other relevant factors (such as plaintiffs long-term work record) bearing on the likelihood that, but for this accident, plaintiff would have continued to earn wages.
Therefore, the case is remanded to the trial court to fix the amount of lost wages on the basis of proper and nonarbitrary factors and to increase the award accordingly. See Folse v. Fakouri, 371 So.2d 1120 (La.1979). Otherwise, the writ is denied.
BLANCHE and MARCUS would deny the writ.
WATSON, J., would deny the writ being of the opinion that the total award is within the much discretion accorded the trier of fact.

. This item of special damages involves only reparation for wages lost prior to trial and is not covered by the trial court’s award of general damages for “past and future mental and physical pain and suffering, any impairment of his earning capacity and any residual injury.”