SHORTESS, Judge,
dissenting.
Plaintiff purchased an automobile from Mclnnis-Peterson Chevrolet in April, 1982. At the suggestion of the auto dealer, plaintiff contracted for credit insurance with defendant to pay off the auto loan in the event of his death or disability.
At the time he purchased the automobile, plaintiff signed a declaration in the “application for credit insurance” stating:
I do hereby declare that I am gainfully employed and that within the past SIX MONTHS, I have not consulted or been under the care of a doctor or other practitioner for cancer or any disease of the heart, brain, liver, kidneys, or lungs.
I also hereby declare that I am currently in good health and to the best of my knowledge I do not have any physical or mental impairments.
At the time he signed the declaration, plaintiff was employed full time as a seaman and had not been under a doctor’s care for cancer or disease of any of the five enumerated organs. He had been diagnosed as suffering from generalized osteoarthritis several years earlier, but plaintiff testified that at the time he signed the application he felt he was in good health.
Two paragraphs below that declaration, under the heading “CREDITOR-DEBTOR INSURANCE ONLY,” was the following language:
In consideration of the above premium, the Company does hereby insure the above named insured subject to the provisions, conditions and limitations of the Master Group Credit Insurance Policy issued to the Creditor named above for ... the monthly benefit stipulated above in the event of disability caused by sickness originating after the date of this policy and while this policy is in force....
Plaintiff was not offered a copy of the four-page master policy between Mclnnis-Peterson and defendant which contained this exclusion:
The insurance afforded by this Policy does not cover any disability: (1) resulting from pre-existing illness, disease or physical condition (whether or not by name or specific description) of which the applicant for insurance was aware or had been treated for within the six months immediately preceding the effective date of his coverage.
*252 In October, 1983, plaintiffs arthritis became so painful he could no longer work. Plaintiff’s physician, Dr. Herschel B. Dean, completed a claim form in June, 1984, stating that plaintiff was totally disabled as of October 13, 1983, because of osteoarthritis, hypertension, and “calcific tendonitis versus small cortical fracture humeral head.”[1] However, plaintiffs claim was rejected by defendant because of the preexisting illness exclusion in the master group policy.
The certificate states that the policy provides coverage for “disability caused by sickness originating after the date of this policy.” This provision is clearly ambiguous when read in conjunction with the preceding declaration that the applicant is not suffering from certain enumerated ailments. Any doubt or ambiguity as to the meaning of a provision in an insurance policy must be construed liberally in favor of the insured and against the insurer. When the ambiguity relates to a provision which limits liability under the policy, the law requires that the contract be interpreted liberally in favor of coverage. Credeur v. Luke, 368 So.2d 1030, 1032 (La.1979).
Plaintiff did not suffer from cancer or disease of the heart, brain, liver, kidneys, or lungs at the time the policy was issued, and his disability did not arise from any of those illnesses. I would find coverage under the policy and reverse the decision of the lower court.
I respectfully dissent.

. Dr. Dean remembered that plaintiff, in response to his question, "Have you had a recent injury?" told him that he had a fall on the boat or in its engine room. This matter was not pursued, however,