598 So.2d 1169 (1992)
UNITED SERVICES AUTOMOBILE ASSOCIATION
v.
William Todd DUNN, Kenneth E. Roberson & James G. Timothy.
No. 91 CA 0457.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
Adrianne L. Baumgartner, Covington, for United Services Auto. Ass'n.
Daniel L. Avant, Baton Rouge, for Dunn.
William J. Crain, Covington, for Roberson.
Brent B. Abadie, New Orleans, for Timothy.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
The issue presented by this appeal is whether automobile liability coverage extended to a "family member" under one provision of a policy is excluded when the family member is a "person using a vehicle without a reasonable belief that person is entitled to do so." Although the trial court determined that the policy provided coverage, the judge's reasons are not clear as to the basis of his decision. We conclude that the insurer cannot extend coverage in one clause of the policy and then exclude coverage of the same person in another clause of the policy. Consequently, the summary judgment finding coverage was proper, and we affirm.
On October 14, 1989, James G. Timothy was driving a 1983 Chrysler New Yorker owned by his mother, Patricia O. Timothy, when he allegedly struck two pedestrians. It is undisputed that James G. Timothy was a resident of the household of his mother and father, Richard C. and Patricia O. Timothy.
Two lawsuits were filed in the Twenty-Second Judicial District Court for the Parish of St. Tammany: "William Todd Dunn v. James G. Timothy et al," No. 90-10270, and "Kenneth E. Roberson v. James G. Timothy et al," No. 89-16058. United Services Automobile Association (USAA), was named as a defendant in both suits. USAA insured the Timothy vehicle at the time of the accident with policy No. 022129471012 (renewal number XXXXXXXXXXXX). Additionally, USAA had issued a personal umbrella policy, No. 0221294-70U, to the Timothys.
*1170 USAA filed the suit for declaratory judgment which is the subject of the instant appeal. USAA denied coverage to James G. Timothy for the 1989 accident because he did not have the permission of his parents to use the vehicle; the insurer asserted that the lack of permission placed the young Timothy under a policy exclusion for use without permission.
Mr. Dunn, Mr. Roberson, and James G. Timothy all filed motions for summary judgment asserting that the exclusion could not be applied in the instant case because James G. Timothy was covered as a "family member." USAA filed a counter-motion for summary judgment, asserting that the policy clearly and unambiguously excluded coverage for all persons using the automobile without the permission of the named insured.
The motions for summary judgment filed by Mr. Roberson, Mr. Dunn, and James G. Timothy were granted; that filed by USAA was denied. USAA appealed.
The trial court was correct in concluding that there are no disputed material facts. The only issue is one of policy interpretation, which is an issue of law. Scherer v. Chaisson, 469 So.2d 510 (La.App.3d Cir.1985); Labit v. Welch, 375 So.2d 139 (La.App.3d Cir.), writ denied, 376 So.2d 1271 (La.1979).
Under "Part A-Liability Coverage" of the USAA policy, we find the following pertinent language:
We will pay damages for bodily injury or property damages for which any covered person becomes legally responsible because of an auto accident....
"Covered Person" as used in this Part means:
1. You or any family member for the ownership, maintenance, or use of any auto or trailer.
2. Any person using your covered auto.
However, exclusion "A. 8" provides in pertinent part:
A. We do not provide Liability Coverage for any person:
* * * * * *
8. Using a vehicle without a reasonable belief that that person is entitled to do so.
When the coverage clause and the exclusion are read together, we see that coverage is provided to family members and to any person who uses a covered auto, except for any person who uses a covered auto who does not have a reasonable belief that he or she is entitled to use it. If the company had intended to exclude family members, it should have used the term "covered person" in the exclusion because "covered person" was defined to mean family members and any persons using covered autos. Because the exclusion does not apply to family members, coverage is afforded to the family member James G. Timothy.
The instant case is analogous to Seals v. Morris, 423 So.2d 652 (La.App. 1st Cir. 1982). The issue in Seals was whether there was coverage under a timber company's policy for a logger using his own truck to haul wood for the timber company. We explained in that case that an insurance policy cannot in one clause declare that there is coverage (as a "hired vehicle" under the commercial use definition which included occasional use for personal pleasure) and in another clause declare that there is no coverage (pursuant to an exclusion for owners use.)
At the very least, the two provisions of the USAA policy cited by the parties conflict, thus making them ambiguous. Ambiguities in the terms of an insurance contract are resolved in favor of coverage. Lajuene v. Allstate Ins. Co., 365 So.2d 471 (La.1978).
Accordingly, we affirm the trial court's judgment, and we cast appellant for all costs of this appeal.
AFFIRMED.
CARTER, J., concurs.