626 So.2d 1190 (1993)
Vera BUCKBEE, Individually, etc., Plaintiff-Appellant,
v.
AWECO, INC., et al., Defendant-Appellee.
No. 87-1201.
Court of Appeal of Louisiana, Third Circuit.
April 26, 1993.
William B. Baggett, Baggett, McCall & Burgess, Drew Averill Ranier, Badon and Ranier, Lake Charles, for Vera Buckbee.
Robert W. Clements, Stockwell, Sievert, Viccellio, Clements & Shaddock, Lake Charles, for Aweco, Inc., et al.
James Clarence Lopez, Guglielmo, Lopez & Tuttle, Opelousas, for LIGA.
James Clarence Lopez, Guglielmo, Lopez & Tuttle, Opelousas, for Rockwood Ins. Co., In Liquidation.
PER CURIAM.
Intervenor, Rockwood Insurance Company, (now represented by LIGA) seeks to reestablish its intervention in this remand from the Supreme Court. The case has been remanded by the Supreme Court, 614 So.2d 1233, for the purpose of having this court establish damages.
A judgment of the Court of Appeal is final and definitive, if neither an application for rehearing nor an application to the Supreme Court for a writ of certiorari is timely filed. LSA-C.C.P. Art. 2166; Simon v. Fasig-Tipton Co. of New York, 574 So.2d 554 (La.App. 3rd Cir.1991), writ denied, 580 So.2d 381 (La.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 588, 116 L.Ed.2d 613 (1992). Furthermore, the jurisprudence is well established that where certiorari is granted on the application of one party to a suit, the judgment cannot be amended or changed to the benefit of the other parties who have failed to apply for review. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971); Seals v. Morris, 423 So.2d 652 (La.App. 1st Cir.1982), writ granted in part on other grounds, 433 So.2d 686 (La. 1983). In Seals v. Morris, the appellate court reversed a trial court judgment which *1191 found the defendants liable for plaintiffs' injuries. After the Louisiana Supreme Court reinstated the trial court judgment, the appellate court denied an insurer/intervenor reimbursement for medical payments made on behalf of the plaintiffs because it had not sought a writ of certiorari from the adverse appellate court decision. Id. 423 So.2d at 658.
Applying this well settled jurisprudence to the case sub judice, we find that our previous judgment denying Rockwood recovery had become final when it failed to apply for a writ of certiorari to the Louisiana Supreme Court. Accordingly, Rockwood cannot benefit from the Supreme Court's reversal in favor of the Buckbees. Therefore we find that the intervention of Rockwood cannot be revived and is hereby denied.
MOTION DENIED.