686 So.2d 132 (1996)
Yvette DOMINGUE[1]
v.
Robby RODRIGUE, Patterson Insurance Company, Cracker Barrel Stores, Inc. and the Department of Transportation & Development Through the State of Louisiana.
No. 96 CA 0567.
Court of Appeal of Louisiana, First Circuit.
December 20, 1996.
Writ Denied March 14, 1997.
Marvin Gros, Donaldsonville, for Plaintiffs/Appellants, Yvette Domingue, Lloyd Gros, Jr., Heath Gros, Chad Gros, and Tyonia Hebert.
Carlos E. Lazarus, Jr., Houma, for Defendant/Appellee, National Union Fire Ins. Co.
*133 Before WATKINS and KUHN, JJ., and GUIDRY, J. Pro Tem.[2]
CARL A. GUIDRY, Judge Pro Tem.
This appeal follows the dismissal of the defendant, National Union Fire Insurance Company of Louisiana (hereinafter "National Union"), by summary judgment on the basis of a policy exclusion.

FACTUAL AND PROCEDURAL BACKGROUND
On January 15, 1994, plaintiffs' father, Lloyd Gros, was driving a motorcycle in the eastbound lane of Highway 70 in Assumption Parish, when he was struck by the 1982 Delta 88 owned and driven by defendant, Robby M. Rodrigue. Mr. Rodrigue was turning left into a Cracker Barrel parking lot, in front of Mr. Gros, when the accident occurred. Mr. Gros sustained fatal injuries in the accident.
At the time of the accident, Mr. Rodrigue resided with his mother, Elaine M. Rodrigue Clement. Mrs. Clement had in effect an automobile insurance policy, issued by National Union, which is the subject of this lawsuit.
Plaintiffs, children of Lloyd Gros, brought suit against various defendants, including National Union. National Union filed a motion for summary judgment maintaining that no coverage existed for the accident in question under a provision in the policy excluding coverage of any vehicle owned by a family member, other than the insured's "covered auto." The trial court found in favor of National Union and rendered judgment dismissing that defendant. Plaintiffs appeal.

MOTION FOR SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. 1991); Henderson v. Maloid, 96 CA 0285 (La.App. 1st Cir. 11/8/96); 683 So.2d 342. Louisiana Code of Civil Procedure, article 966 provides that a motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." See also Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La. 1982); Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
Prior to the enactment of 1996 La. Acts, No. 9, which amended La.C.C.P. 966, summary judgments were not favored, and all doubt concerning a dispute as to a material issue of fact was resolved against granting the motion for summary judgment and in favor of a trial on the merits. Henderson v. Maloid, 96 CA 0285, 96 CA 0286 at p. 3; 683 So.2d at 343-44. See also Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991); Penalber v. Blount, 550 So.2d 577 (La.1989); Dupuy v. Gonday, 450 So.2d 1014 (La.App. 1st Cir. 1984). Article 966 now provides in part, "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." As this legislation is procedural in nature, it must be applied retroactively, as well as prospectively. Henderson v. Maloid, 96 CA 0285, 96 CA 0286 at p. 3; 683 So.2d at 343-44. See NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App.2d Cir. 8/21/96); 679 So.2d 477; Short v. Giffin, 96-CA-0361 (La.App. 4th Cir. 8/21/96); 682 So.2d 249. See also La.C.C. art. 6; Cole v. Celotex Corporation, 599 So.2d 1058 (La. 1992).
The burden of proof nevertheless remains upon the mover for summary judgment to show that no genuine issue of material fact *134 exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. La.C.C.P. art. 966(G). See Short, 96-CA-0361 at page 3; 682 So.2d at 251-52; Walker v. Kroop, 96-CA-0618 (La.App. 4th Cir. 7/24/96); 678 So.2d 580. See also Robertson, 574 So.2d at 384; Frazier v. Freeman, 481 So.2d 184 (La.App. 1st Cir.1985); Asian International Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 435 So.2d 1058 (La.App. 1st Cir.1983). A fact is material if essential to plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not recover. Henderson v. Maloid, 96 CA 0285, 96 CA 0286 at p. 5; 683 So.2d at 344-45; Roadrunner Motor Rebuilders, Inc. v. Ryan, 603 So.2d 214 (La.App. 1st Cir.1992). Consequently, we must look to the applicable substantive law to determine whether a particular fact in dispute is material. Henderson v. Maloid, 96 CA 0285, 96 CA 0286 at p.5; 683 So.2d at 344-45; Sun Belt Constructors, a Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350 (La. App. 5th Cir.1988).

INTERPRETATION OF INSURANCE POLICY PROVISIONS
An insurance policy is a contract under the law and the rules established by our Civil Code for the interpretation of agreements are applicable. La.C.C. art. 1945 et seq.; Carney v. American Fire & Indemnity Company, 371 So.2d 815 (La.1979); Albritton v. Fireman's Fund Insurance Company, 224 La. 522; 70 So.2d 111 (1953); Martin v. Phillips, 356 So.2d 1016 (La.App. 1st Cir. 1977). If the words of an insurance policy are clear and express the intent of the parties, the agreement is to be enforced as written; but if there is any ambiguity or doubt, the court must endeavor to ascertain the common intention of the parties by reference to other phrases or words of the agreement, or by similar contracts of the parties. The court must bear in mind that, if a clause or word is susceptible of more than one interpretation, it is to be understood in the sense that would make the obligation effective; doubtful language is to be construed against him who has contracted the obligation. La.C.C. art. 1945, et seq.; Carney, 371 So.2d at 818; Albritton, 70 So.2d at 113; Martin, 356 So.2d at 1018-1019. All ambiguities must be construed in favor of the insured and against the insurer. Breland v. Schilling, 550 So.2d 609 (La.1989). However, courts have no authority to alter the terms of policies under the guise of contractual interpretation when the policy provisions are couched in unambiguous language. Pareti v. Sentry Indemnity Company, 536 So.2d 417 (La.1988).
The National Union policy provides: "We do not provide Liability Coverage for the ownership, maintenance or use of: ... Any vehicle, other than `your covered auto,' which is: ... owned by any `family member'...."[3] The purpose of such an exclusion was pointed out by this circuit in Leteff v. Maryland Casualty Company, 91 So.2d 123 (La. 1st Cir.1956), quoting Fleming v. Travelers Insurance Co., 206 Miss. 284, 39 So.2d 885 (1949): "This provision has been repeatedly held to reveal an obvious purpose to avoid a multiple coverage of several vehicles owned by members of the same family, who, by their close intimacy, may be expected to use the cars of each other without hindrance and without permission, thus increasing the liability of the insurer who has a right to expect each owner to contract for his own coverage." (Emphasis omitted.) In Leteff, the tortfeasor, Leslie W. Ventress, Jr. (hereinafter "Junior"), was driving his father's vehicle at the time of the accident. Junior lived with his father and owned his own vehicle which was insured by Maryland Casualty Company. The tort-victim, Mr. Leteff, sought recovery from Maryland Casualty Company, which claimed no coverage under a policy provision that excluded coverage for other vehicles (other than the "covered auto") owned by the insured or a member of the insured's household. *135 The Leteff court, rejecting plaintiff's contention that Junior's insurance policy on his personal vehicle supplied coverage to him when he was driving his father's vehicle, held, "[U]nder the exclusion clause the insurance policy did not apply to any other automobile owned by the named insured or a member of his household...."
Plaintiffs/appellants argue to this court that the National Union policy contains conflicting provisions and is therefore ambiguous. Plaintiffs point to sections A and B of Part A of the policy entitled "Liability Coverage". Section A reads: "A. We will pay damages for `bodily injury' or `property damage' for which any `insured' becomes legally responsible because of an auto accident...." Section B reads: "B. `Insured' as used in this Part means: 1. You or any `family member' for the ownership, maintenance or use of any auto or `trailer.' 2. Any person using `your covered auto.' ..." Plaintiffs contend that in so providing coverage under these sections, National Union's subsequent attempt to exclude coverage for the "ownership, maintenance or use of ... [a]ny vehicle, other than `your covered auto,' which is ... owned by any `family member'", is contrary to First Circuit jurisprudence which holds that an insurance company cannot extend coverage in one provision and then attempt to exclude coverage in a second clause applicable to the same person. In support of their position that the exclusion is invalid and any ambiguity should be resolved in favor of coverage, plaintiffs cite the cases of: Garcia v. St. Bernard Parish School Board, 576 So.2d 975 (La.1991); Capital Bank & Trust Company v. Equitable Life Assurance Society of the United States, 542 So.2d 494 (La. 1989); Albritton, supra; United Services Automobile Association v. Dunn, 598 So.2d 1169 (La.App. 1st Cir.1992); Seals v. Morris, 423 So.2d 652 (La.App. 1st Cir.1982), writ granted in part on other grounds, 433 So.2d 686 (La.1983).
A close analysis of this jurisprudence does not mandate the conclusion advocated by appellants. These cases can be divided into two categories: those dealing with a single ambiguous provision (Garcia, Capital, and Albritton), and, those in which two provisions of the policy conflict, one naming a party as an insured and the other purporting to exclude that party as an insured (Seals and Dunn). It is the latter category with which we are concerned herein.
In Seals, the tortfeasor, a "logger," worked as an independent contractor for Mac's Timber Company, which listed on its automobile liability policy the tortfeasor's truck as a "hired automobile." Premiums for this coverage were deducted from the tortfeasor's pay. The "hired automobile" endorsement provided coverage for "commercial" use of the tortfeasor's vehicle, which also covered "occasional use for personal pleasure, family and other business purposes." On the date of the accident at issue therein, the tortfeasor was using his truck for purposes of pleasure, and coverage would have been extended under the policy were it not for another policy provision that provided, "[N]either the owner nor the lessee (of whom the named insured is a sub-lessee) of a hired automobile, nor any agent or employee of any such owner or lessee, is an insured." (Emphasis omitted.) The effect of the quoted exclusion would have been to exclude coverage under the policy in every instance in which the tortfeasor was driving his own truck. This circuit, in Seals, affirmed the trial court, which had interpreted the owner exclusion to apply only when a hired automobile was hired without its owner. The Seals court stated, "[C]overage can not be provided by the right hand and then be excluded by the left hand. A policy can not in one instance declare there is express coverage and in a second provision declare effectually there is not coverage." Seals, 423 So.2d at 656. The Seals court in so holding, cited the cases of Credeur v. Luke, 368 So.2d 1030 (La.1979) and McGuire v. Smith, 370 So.2d 895 (La. App. 1st Cir.1979).
In Credeur and McGuire, the insurance policy involved had both comprehensive automobile liability coverage and comprehensive general liability coverage issued to a corporation and naming its executive officers as insureds.[4] At issue in both cases was *136 the applicability of the "cross-employee exclusion," contained in the automobile portion of the policy, to the alleged negligent acts of the executive officer(s) causing injury to another employee of the corporation. The automobile liability policies in both cases provided coverage for damages because of bodily injury or property damages "arising out of the ownership, maintenance or use, including loading or unloading, of any automobile", but it was expressly stated, "None of the following is an insured: ... any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment." The Supreme Court in Credeur emphasized that not only was the corporate employer specifically named as an insured, but, the individual defendant executive officer was also specifically named as an insured. Under those circumstances, the rationale for excluding coverage for injuries inflicted by one ordinary co-employee to another because of the availability of workers' compensation coverage would not ameliorate against the exposure of the corporate officer who is technically not the "employer" benefitting from workers' compensation protection. The court implied that although the corporate officer is technically also an "employee", as a practical matter the function of the corporate officers in running the corporate business is more akin to that of "employer" than "employee." The court noted the cross-employee exclusion was not designed to apply with respect to an individual who is not the plaintiff employee's employer. The court resolved the ambiguity of these provisions in favor of coverage:
[T]he provisions of the policy are ambiguous. In the one instance the policy declares that the named insured is an insured. In a second provision the policy declares in effect that an employee is not an insured (in given circumstances). The established rule is that any doubt or ambiguity as to the meaning of a provision in an insurance policy must be construed liberally in favor of the insured and against the insurer. When the ambiguity relates to a provision which limits liability under the policy, the law requires that the contract be interpreted liberally in favor of coverage. [Citation omitted.]
The McGuire court decided an identical issue in accordance with Credeur, finding the holding of the Supreme Court controlling.
In Dunn, a similar issue was presented; i.e., ambiguity regarding the classification of the tortfeasor with respect to the policy at issue. The son of the named insured in Dunn was involved in an accident while using his parent's covered automobile. The insurance company defended the matter under its policy exclusion related to lack of permission to drive the vehicle. The son in that case was an insured under the provision which stated; "`Covered Person' as used in this Part means: ... You or any family member for the ownership, maintenance, or use of any auto or trailer." Also included as a "Covered Person" was "[a]ny person using your covered auto." (Emphasis added.) However, the relevant policy exclusion provided, "We do not provide Liability Coverage for any person ... [u]sing a vehicle without a reasonable belief that that person is entitled to do so." (Emphasis added.) In finding the exclusion did not apply to the son of the insured, this court stated:
When the coverage clause and the exclusion are read together, we see that coverage is provided to family members and to any person who uses a covered auto, except for any person who uses a covered auto who does not have a reasonable belief that he or she is entitled to use it. If the company had intended to exclude family members, it should have used the term "covered person" in the exclusion because "covered person" was defined to mean family members and any persons using covered autos. Because the exclusion does not apply to family members, coverage is afforded to the family member James G. Timothy [son of the insured].
The instant case is analogous to Seals v. Morris, 423 So.2d 652 (La.App. 1st Cir. 1982). The issue in Seals was whether there was coverage under a timber company's *137 policy for a logger using his own truck to haul wood for the timber company. We explained in that case that an insurance policy cannot in one clause declare that there is coverage (as a "hired vehicle" under the commercial use definition which included occasional use for personal pleasure) and in another clause declare that there is no coverage (pursuant to an exclusion for owners use.)
At the very least, the two provisions of the USAA policy cited by the parties conflict, thus making them ambiguous. Ambiguities in the terms of an insurance contract are resolved in favor of coverage. [598 So.2d at 1170.]
Reconciling the reasoning of these cases, we see the aim is to assure that a party is not first classified or defined as an "insured" and then later in the policy re-classified in a way which eliminates the status of "insured." However, this rationale is not applicable to the instant case. In Dunn, the tortfeasor was an "insured" as a "family member"; then the policy purported to redefine his status by saying a person using the covered auto is only an "insured" if he has permission to do so. In Credeur and McGuire, the executive officers were expressly named as insureds, then the policy purported to redefine their status by excluding as an insured any employee who injures another employee in the course of his employment. Both ambiguous provisions in each of these three cases define an insured; on the one hand, inclusively, and on the other hand, exclusively. By contrast, the instant policy exclusion does not address who is an insured, but states there is no coverage on the vehicles specified therein.
Thus, we are unconvinced by the argument presented by plaintiffs/appellants. The logical conclusion of such an argument would mandate a finding that a policy of insurance could never contain exclusions, but such is not the law. In the absence of a conflict with statutes or with public policy, insurers have the same rights as do individuals to limit their liability. Jackson v. Rogers, 95-0486 (La.App. 1st Cir. 11/9/95); 665 So.2d 440. The Louisiana Insurance Code provides, "Any insurer may insert in its policies any provisions or conditions required by its plan of insurance or method of operation which are not prohibited by the provisions of this Code." La.R.S. 22:620(A). In such an event, unambiguous provisions in the insurance contract limiting liability must be given effect. Jackson, 95-0486 at 4; 665 So.2d at 442. We find the disputed policy provisions, herein, unambiguously exclude coverage for the ownership, maintenance or use of any vehicle, other than the policyholder's covered auto, which is owned by a family member.
For the reasons assigned herein, the judgment of the trial court, granting summary judgment in favor of National Union Fire Insurance Company of Louisiana and dismissing plaintiffs' suit as to that defendant is affirmed. All costs of this appeal are to be borne by plaintiffs/appellants.
AFFIRMED.
NOTES
[1] Yvette Domingue's original petition was amended to add as additional plaintiffs: Lloyd Gros, Jr., Heath Gros, Chad Gros, and Tyonia Hebert, other children of the decedent.
[2] Judge Carl A. Guidry, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[3] The policy further states, "`Your covered auto' means: 1. Any vehicle shown in the Declarations. 2. Any of the following types of vehicles on the date you become the owner: a. a private passenger auto; or b. a pickup or van ...". On the Declarations page of the policy, only a 1990 Toyota Camry was listed as a covered vehicle. A "family member" is defined in the policy as "a person related to you by blood, marriage or adoption who is a resident of your household."
[4] The comprehensive general liability portion of the policy excluded coverage for injury or damage arising out of the ownership, maintenance, operation, use, loading or unloading of any automobile; the applicability of the exclusion was apparently conceded by the parties.