**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 16, 2003**

**Charles R. Fulbruge III**
Clerk

UNITED STATES COURT OF APPEALS
For the Fifth Circuit


No. 02-31034


EDDIE C EDWARDS; ET AL

Plaintiffs,

BRAMBLES EQUIPMENT SERVICES, INC; ET AL

Defendants,

BRAMBLES EQUIPMENT SERVICES, INC.,

Defendant-Third Party Plaintiff-Appellant,

VERSUS

TRAVELERS INDEMNITY CO.,

Third Party Defendant-Appellee.

Appeal from the United States District Court

For the Eastern District of Louisiana

01-CV-892

Before EMILIO M. GARZA and DENNIS, Circuit Judges, and VANCE,[*]

District Judge.

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

PER CURIAM.[**]

In this insurance coverage dispute, an equipment rental company, Brambles Equipment Services, Inc., sued its customer's comprehensive general liability carrier, Travelers Indemnity Company. Brambles sought to require Travelers to defend and indemnify it against the personal injury claims of its customer's employee under the "additional insured" endorsement of the customer's comprehensive general liability policy. The district court granted Travelers' motion for summary judgment, and Brambles now appeals the decision. For the following reasons, we AFFIRM.

I.    **FACTS AND PROCEEDINGS**

On December 14, 2000, Laiche & Company rented a man lift from Brambles. The rental agreement between Laiche and Brambles required Laiche to indemnify and defend Brambles:

> [Laiche] hereby indemnifies, defends, and holds
> [Brambles] . . . harmless from all liability
> whatsoever, and shall pay all damages, losses,
> liabilities, and expenses (including attorney's fees
> and other defense costs and expenses) for any injury or
> damage [sic] operation or condition of the Equipment.
> [Laiche] shall so indemnify from and hold [Brambles]
> harmless even though the injury or damage is caused by
> or arising out of the machinery or the design,
> condition, transportation, repair, maintenance, or use
> of the Equipment whether or not any service of defect
> is caused in whole or part by the company, or neglect
> or failure of [Brambles] to warn or give instructions

[**] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

about the design, condition, repair, or maintenance of

> the Equipment or its suitability for the job for which
> it was rented or improper or inadequate instructions or
> warnings about the operation, use, condition, or
> suitability of the Equipment.

Laiche further agreed "to protect [Brambles] with comprehensive general liability insurance covering all losses and damages."

Laiche maintained a comprehensive general liability policy underwritten by Travelers. The Blanket Additional Insured endorsement provided that the Policy covered

> any person or organization you are required by written
> contract to include as an insured, but only with
> respect to liability arising out of "your work". This
> coverage does not include liability arising out of the
> independent acts or omissions of such person or
> organization. The written contract must be executed
> prior to the occurrence of any loss.

Laiche's employee Eddie Edwards used the man lift for a paint job the day Laiche rented the equipment. While Edwards was using the man lift, it began to roll and then overturned, injuring Edwards. Laiche paid Edwards benefits pursuant to the Louisiana Workers' Compensation Act. Edwards and his wife filed suit against Brambles, seeking damages for injuries caused by Brambles' negligence. The Edwards' allegations of negligence included, among others, failure to discover the dangerous condition of the man lift, failure to warn users of its defective nature, and failure to maintain the man lift properly.

Brambles filed a third-party complaint against Travelers, seeking a defense against the Edwards' claims and indemnity under the rental agreement. Travelers successfully moved to bifurcate

3

the third-party action from the underlying lawsuit.  Thereafter, the parties settled the tort action, and following briefing and argument, the district court decided the third-party action on cross-motions for summary judgment.  The district court rendered summary judgment for Travelers and dismissed Brambles' claims with prejudice.  Brambles now appeals.

## II.  DISCUSSION

### A.    Standard of Review

We review the district court's ruling on a motion for summary judgment *de novo*, applying the same legal standard as the district court.  *See Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir.2002).  An interpretation of an insurance policy provision is likewise an issue of law reviewed *de novo*. *See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003).  Summary judgment should be granted only when there is "no genuine issue as to any material fact[.]" FED. R. CIV. P. 56(c); *see also Wyatt*, 297 F.3d at 408-09.  In determining whether there is a dispute as to any material fact, we consider all of the evidence in the record, but we do not make credibility determinations or weigh the evidence.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Instead, we "draw all reasonable inferences in favor of the nonmoving party[.]"  *Id.; see also Wyatt*, 297 F.3d at 409.  If we determine, after giving credence to the facts as presented by the

4

nonmoving party, that "the moving party is entitled to a judgment as a matter of law," we affirm the grant of summary judgment. Fed. R. Civ. P. 56(c). "[S]ummary judgment is appropriate if the nonmovant fails to establish facts supporting an essential element of his prima facie claim." *GeoSouthern Energy Corp. v. Chesapeake Operating Inc.*, 274 F.3d 1017, 1020 (5th Cir. 2001).

**B.    Applicable Louisiana Contract Law**

Because this is a diversity case, we apply the substantive law of Louisiana to the issue of coverage. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Under Louisiana law, courts interpret insurance policies using ordinary contract principles. *See Smith v. Matthews*, 611 So. 2d 1377, 1379 (La. 1993). Under Louisiana law, "the burden in an action on an insurance contract is on plaintiff to establish every fact in issue which is essential to his cause of action or right of recovery, including existence of policy sued on, its terms and provisions, and that his claim is within its coverage." *B.T.U. Insulators, Inc. v. Maryland Casualty Co.*, 175 So.2d 899, 902 (La. App. 2d Cir. 1965) (citing *Boyd v. White*, 123 So.2d 835, 839-40 (La. App. 2d Cir. 1960)); *see also Vallery v. All Am. Life Ins. Co.*, 429 SO.2d 513, 515 (La. App. 3d Cir. 1983). If the policy language is unambiguous, the policy must be enforced as written. *Id.* Any ambiguous provision, however, is construed in favor of coverage. *Id.* Exclusionary clauses are construed strictly against the

5

insurer.  *See Garcia v. St Bernard Parish Sch. Bd.*, 576 So. 2d 975, 976 (La. 1991).  If an exclusionary clause is susceptible to two or more reasonable interpretations, we must adopt the interpretation favoring coverage.  *Id.*

## C.   Analysis

The additional insured endorsement extends coverage to "any person or organization you are required by written contract to include as an insured."  The rental agreement required Laiche "to protect [Brambles] with comprehensive general liability insurance covering all losses and damages."  The district court concluded that, as a result of this requirement, Brambles was an additional insured under the endorsement.  Travelers contends that Brambles is not an additional insured under the endorsement because the rental agreement did not require Laiche to include Brambles specifically as an additional insured, but merely obligated Laiche to protect Brambles by carrying insurance to fulfill its contractual obligation to indemnify Brambles.

We hold that the language of the rental agreement is sufficient to make Brambles an additional insured under the endorsement.  The rental agreement required Laiche "to protect" Brambles with comprehensive general liability insurance.  The ordinary, common sense meaning of "to protect with comprehensive general liability insurance" is "to cover" with insurance.  A requirement that one party protect another party with insurance

6

means that the party must secure insurance for the second party. *See Woods v. Dravo Basic Materials Co., Inc.*, 887 F.2d 618, 622 (5th Cir.1989); *Adams v. Falcon Equip. Corp.*, 717 So.2d 282, 287 (La. App. 2 Cir. 1998). Such an obligation places Brambles squarely under the endorsement as a person Laiche was required by contract to include as an "insured." Travelers' suggestion that the language in the rental agreement was insufficiently precise to trigger additional insured status elevates form over substance.

Under the endorsement, any person or organization that Laiche is required by written contract to include as an insured is considered an "insured" under the Policy, "but only with respect to liability arising out of 'your work.'" "Your work" is defined in the Policy as "[w]ork or operations performed by [Laiche] or on [Laiche's] behalf; and [m]aterials, parts, or equipment furnished in connection with such work or operations." The endorsement specifically excludes coverage for liability arising out of such party's "independent acts or omissions."

Travelers argues that this exclusion precludes Brambles from recovering under the endorsement because Brambles is seeking coverage for liability stemming from its own independent negligence. The Edwards' complaint in the underlying tort action against Brambles alleges negligence based only on the independent acts and omissions of Brambles. The clear language of the

7

exclusion in the endorsement unambiguously excludes coverage of Brambles for liability arising out of these acts and omissions. As a result, Travelers is entitled to summary judgment with respect to Brambles' claims under the Policy.

Brambles argues that the district court's interpretation of the endorsement renders it ambiguous. The district court construed the "other insured" provision as applying only in instances in which the other insured is vicariously liable. Louisiana's comparative fault law recognizes vicarious liability only in the limited context of certain relationships, such as an employer-employee relationship. *See* LA. CIV. CODE arts. 2320, 2323, 2324. Brambles contends that because there was no such relationship between it and Laiche, the "independent acts or omissions" exclusion literally negates all of its coverage as an additional insured. Brambles asserts that the endorsement is ambiguous because it establishes coverage for Brambles as an additional insured under the policy, but then the exclusion negates that coverage, and "[c]overage cannot be provided by the right hand and then excluded by the left hand." *Seals v. Morris*, 423 So. 2d 652, 656 (La. App. 1st Cir. 1982); *see also Credeur v. Luke*, 368 So.2d 1030, 1031 (La. 1979); and *McGuire v. Smith*, 370 So.2d 895, 897-98 (La. App. 1st Cir. 1979).

To begin with, the cases Brambles cites are distinguishable from this case. In each of those cases, the insurance policy

8

itself was ambiguous, expressly declaring coverage in one provision and declaring effectually in another provision that there was no coverage. *See Seals*, 423 So. 2d at 656; *Credeur*, 368 So.2d at 1032; *McGuire*, 370 So.2d at 898. In this case, on the other hand, Brambles' alleged ambiguity arises only because Louisiana law applies in this case to the interpretation of the endorsement. The alleged ambiguity does not stem from the language of the policy itself. Brambles also contends that the ambiguity exists with respect to any additional insured under the policy because it provides coverage only for liability that can never arise under Louisiana law. Brambles' argument fails to consider, however, that an additional insured may be subject to tort liability that does not arise under Louisiana law.

Brambles further argues that the Court should interpret the endorsement as if Brambles were the only additional insured under the policy. As the district court noted, however:

> To interpret the endorsement only with respect to the relationship between Brambles and Laiche would be to interpret the endorsement contrary to the intent of the parties and the clear language of the contract.

Brambles' reliance on Section IV, Paragraph 7 of the policy entitled "Separation of Insureds" is misplaced. Brambles argues that the provision unequivocally establishes that the policy must be read and construed as if Brambles were the only insured contemplated. The Separation of Insureds provision establishes, however, that the insurance applies as if each "Named Insured"

9

were the only Named Insured.  The Common Policy Declarations identify *Laiche* as the Named Insured under the policy.  The policy clearly distinguishes between the "Named Insured" identified in the policy declarations, i.e., Laiche, and the "insureds" covered under the policy, which include, for example, Laiche's employees and additional insureds as described in the endorsement.  Brambles is *not* a Named Insured under the policy, and thus the Separation of Insureds provision does not apply to it.

**III. CONCLUSION**

Because we conclude that the exclusion in the endorsement excludes coverage to Brambles in this case, we AFFIRM the district court's grant of Travelers' motion for summary judgment.

10