427 So.2d 452 (1982)
Mary N. SCHILLING, et al.
v.
BIGELOW LIPTAK CORP., et al.
No. 82 CA 0139.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Rehearing Denied March 14, 1983.
*453 L.B. Ponder, Jr., Amite, for plaintiffs-appellants.
France W. Watts, III, Franklinton, for Bigelow Liptak Corp.
Stanley E. Loeb, New Orleans, for Fireman's Fund Ins. Co.
David Donnell Moss, Hebert, Moss & Broussard, Baton Rouge, for Ragan Chemical, Inc.
Madison C. Moseley, New Orleans, for Reintjes Indus. Services and George P. Reintjes Co., Inc.
Donald D. Bann, Metairie, for St. Paul Fire & Marine Ins. Co.
Daniel R. Atkinson, Baton Rouge, for Allstate Ins. Co.
Wood Brown, III, Montgomery, Barnette, Brown & Read, New Orleans, for the Pennwalt Corp.
Robert E. Leake, Jr., Hammett, Leake, Hammett, Hulse & Nelson, New Orleans, for Ameron, Inc.
R.K. Christovich, New Orleans, for Federal Ins. Co.
Glenn T. Cambre and Gordon R. Crawford, Gonzales, for Controlled Maintenance Inc.
Before ELLIS, PONDER and SAVOIE, JJ.
SAVOIE, Judge.
These tort and workmen's compensation claims result from Henry Schilling's death on October 5, 1977. Originally, decedent's wife, individually and on behalf of her minor son, filed suit against Bigelow Liptak Corporation, Schilling's employer prior to his death. Supplemental pleadings added as defendants Bigelow's insurers, and several of Bigelow's management personnel. Further, plaintiff alleged that Schilling used a dangerous product manufactured by Pennwalt Corporation in his work.
In answer thereto, Bigelow and its insurer, Travelers Insurance Company, filed an "Answer and Third Party Demand," joining as third party defendants, Ameron Corporation, Pennwalt Corporation, Controlled Maintenance, Inc. (CMI) and a host of others. Other pleadings and exceptions were filed among these third party defendants but none are at issue on appeal except as noted below.
CMI, a past employer of decedent, third partied its insurers, St. Paul Fire and Marine Insurance Co. and Allstate Insurance Co. It claimed that despite amicable demand each insurer refused to defend CMI although contractually obligated to do so.
The trial court concluded plaintiff failed to prove Schilling's death resulted from a work-related accident. Therefore, judgment was rendered in favor of Bigelow and its third party defendants. Further, it rendered judgment in favor of CMI and against St. Paul and Allstate for failing to defend under their policies.
Both St. Paul and plaintiff appeal. Plaintiff claims the trial court erred in: (1) concluding she failed to establish a work-related accident; and (2) accepting the opinions of two non-treating doctors rather than the attending physician. St. Paul contends the court erred by failing to: (1) grant its motion for summary judgment; (2) consider the specific policy exclusions; and (3) conclude it had no duty to defend because Schilling's claim against CMI had prescribed.
CMI answers St. Paul's appeal and requests an increase in its award. It seeks an increase of $1,000 in attorney's fees as costs for handling this appeal. Further, third parties answer plaintiff's appeal, contending the trial court committed no manifest error. Alternatively, they claim no appeal was taken from the third party dismissals and, therefore, those dismissals are not properly before the court.
We find no manifest error on the part of the trial court in concluding plaintiff failed to prove a work-related accident. Therefore, we affirm the trial court's judgment in favor of defendant Bigelow and its third *454 party defendants. This holding relieves us of the necessity of deciding whether the third party dismissals are properly before us on appeal. Further, we conclude St. Paul had no duty to defend CMI under its policy. Accordingly, we amend the trial court's judgment in this respect and deny CMI's request for additional attorney's fees.
Mr. Schilling contracted a rash while employed by Bigelow. He sought medical attention from Dr. Edmond Faulkenberry, a general practitioner, on August 23, 1977. At that time, his hands and wrists were swollen. Further, he informed Dr. Faulkenberry that he had been handling an acid concrete mortar. Decedent was seen by Dr. Faulkenberry again on the morning of the 26th. Decedent's neck, legs, and hands were red, irritated and raw-looking. Later that day, Dr. Faulkenberry diagnosed decedent as having renal failure and sent him to Ochsner Hospital. Decedent was treated at Ochsner and subsequently transferred to the Veterans Administration Hospital where he died on October 5, 1977, of a massive heart attack.
In a workmen's compensation proceeding, the employee has the burden of establishing by a preponderance of the evidence that he is disabled and that his disability is causally related to the employment accident. Allor v. Belden Corporation, 393 So.2d 1233 (La.1981); Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977). To judicially determine probability, medical testimony must be weighed in the light of other credible evidence of a non-medical character, such as a sequence of symptoms or events. Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982). The trial court concluded that plaintiff failed to carry her burden of proof. The record supports this conclusion.
The autopsy report states that Mr. Schilling died of an acute heart attack. The primary cause of the attack was arteriosclerosis heart disease, associated with infection in the mitral valve of the heart.
Plaintiff and Dr. Faulkenberry contend the infection entered decedent's body through his irritated skin. In contrast, the defendants claim the infection resulted from decedent's infected ear and secondly, from decedent's bad teeth. Defendants' claim is supported by the testimony of their two expert witnesses, Dr. Monroe S. Samuels and Dr. Richard Green.
Dr. Samuels was qualified as an expert in the field of pathology, which includes clinical, anatomical, and forensic pathology. He is chief of the Toxicology Section at Charity Hospital in New Orleans. Further, he maintains the chief consulting position at the Orleans Parish Coroner's office in the area of the performance of autopsies as well as in the supervision of the Coroner's Office Toxicology Laboratory. Dr. Green was qualified as an expert in internal medicine and occupational medicine.
Not only did Drs. Samuels and Green consider decedent's infected ear and bad teeth, respectively, to be the most likely source of the infection, each stated there was no medical evidence to connect decedent's activities with his cause of death.
Both doctors stated that a breakage in the skin was the only possible way a connection could be found between the rash and the infection. Neither the hospital reports nor the autopsy reports noted any cut or skin breakage on decedent's body. Further, both decedent's wife and step-daughter testified decedent had no cuts on his body. In addition, they, as did decedent's son, testified that decedent had bad teeth.
It is noteworthy that only four days lapsed between decedent's first visit to Dr. Faulkenberry and his second visit, at which time decedent was hospitalized for renal failure. Upon decedent's first visit, Dr. Faulkenberry treated decedent by prescribing medrol. Dr. Samuels testified that this drug is a steroid and should not be given when treating a localized infection. If given under such circumstances, there is a great possibility it will generalize the infection. Further, he testified the steroids were a possible contributing factor to the spread of the disease.
*455 Secondly, plaintiff contends that Dr. Faulkenberry's testimony is entitled to greater weight since he was the attending physician. It is true that the diagnosis and the opinions of the treating physician and specialist to whom referred by the original treating physician are entitled to more weight than those doctors examining plaintiff for consultation for litigation purposes only. Schouest, supra. The basis for this preference is that the treating physician has the benefit of repeated examinations and sustained observation of the injured person. Irvine v. Sentry Insurance Company, 415 So.2d 467 (La.App. 1st Cir.1982); Meshell v. Rivers, 348 So.2d 203 (La.App. 3rd Cir.1977), writ refused, 350 So.2d 1210 (La.1977); Babin v. Highlands Insurance Company, 290 So.2d 720 (La.App. 1st Cir. 1974).
In the instant case, Dr. Faulkenberry saw decedent only twice within a four-day period. He treated the decedent for a rash. Upon ascertaining that decedent was in renal failure, Dr. Faulkenberry sent decedent to Ochsner Hospital for treatment. Dr. Faulkenberry did not see decedent again. Therefore, under the facts in this case, the testimony entitled to greater weight is that of the treating physicians at Ocshner and Veterans. However, the record lacks such testimony. Consequently, it was not manifest error for the trial court to accord the same weight to all the medical testimony in evidence.
The trial court's decision that St. Paul is liable to CMI for failing to defend on its behalf is also before this court. Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969), rehearing denied, Jan. 20, 1970. Its duty is based on the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. American Home Assurance Company, supra.
In its third party demand against CMI, Bigelow and its insurer alleged that decedent's employment activities with CMI contributed to the conditions causing his death. Based upon this allegation, Bigelow and its insurer contend CMI is liable. As a result of this claim of liability, CMI joined St. Paul, its insurer, into the suit for failing to defend on CMI's behalf.
St. Paul contends that the trial court erred in rendering judgment against it for failing to defend CMI. St. Paul argues it had no duty to defend in that it was not the insurer when the disability manifested itself nor at the time of the last exposure. Further, it claims that the specific provisions of the policy exclude coverage because the accident did not occur during the policy period nor was the last exposure during the policy period. Lastly, St. Paul contends that it had no duty to defend because Schilling's claim against CMI had prescribed.
St. Paul cites Fazande v. Continental Grain Company, 363 So.2d 1253 (La.App. 4th Cir.1978) as supportive of its first two arguments. In that case, Continental Grain's insurer, Travelers, claimed that if plaintiff was entitled to receive benefits, then the previous insurers who provided coverage to plaintiff's employer during the 15 years of his employment were liable for their pro-rata share or in solido with defendant. The court pointed out that the cases relied on by defendants which held all insurers solidarily liable were cases where a claimant's disability was caused by a combination of two or more accidents, with different insurers at the times of the contributing accidents. The court distinguished Fazande since it involved a disability resulting from an occupational disease rather than two distinct work-related accidents. However, the court held Travelers to be solely liable under the provisions of its policy.
In the present case, as in Fazande, supra, the insurance policy contains a restriction on coverage for occupational disease. It reads as follows:
"IV. Application of Policy
"This policy applies only to injury (1) by accident occurring during the policy period *456 or (2) by disease caused or aggravated by exposure of which the last day of the last exposure, in the employment of the insured, to conditions causing the disease occurs during the policy period."
The medical evidence in Fazande, supra, established the date of disability and the date of last exposure at times when Travelers' policy was in effect. Based on this evidence and the application of the policy provisions, the Fourth Circuit concluded that the disability from the disease occurred within the term of Travelers' policy and held Travelers solely responsible for compensation payments.
The case at bar is similar to Fazande, supra, in that it involves an alleged disability resulting from an occupational disease. However, it differs from Fazande in that Fazande was a case determining the insurer's liability to pay compensation, whereas, here the issue is the insurer's duty to defend the insured. In either situation, an examination of the policy provisions is in order. It is the application of the policy provisions which will determine whether the insured is covered thereunder and, consequently, whether the insurer owes a duty to defend. American Home Assurance Company, supra.
St. Paul's policy restricted coverage for occupational disease disabilities to those disabilities resulting when the last day of the last exposure to the condition causing the disease occurs during the policy period. St. Paul insured CMI from 1971 through 1973. Schilling worked for CMI for short periods of time in 1971, 1973, and 1975. He was last employed by CMI from July 8 through July 22, 1975. Therefore, July 22, 1975 is the last possible date on which Schilling could have been exposed to the acid mortar while in the employ of CMI. By CMI's third party demand, it states that during the period of March 1, 1975 through March 1, 1978, its insurer was Allstate. Thus, the last possible day of last exposure did not occur during the term in which CMI was insured by St. Paul but when it was insured by Allstate. Consequently, St. Paul owed no duty to defend CMI in this action under its policy provisions.
This holding makes it unnecessary for us to address St. Paul's third assignment of error.
The last issue is CMI's request for an increase in its award against St. Paul as costs for handling this appeal. This increase is not warranted as we have determined that St. Paul did not owe CMI a duty to defend.
For the foregoing reasons, we affirm the trial court's dismissal of defendant Bigelow and the third-party defendants. Further, we amend as to the liability of St. Paul Insurance Company to CMI. Cost of the appeal to be borne equally by appellant Schilling and appellee CMI.
AMENDED AND AFFIRMED.