461 So.2d 589 (1984)
N.A. "Red" MASON
v.
STAUFFER CHEMICAL COMPANY.
No. 83 CA 1338.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
A. Wayne Stewart, Denham Springs, for plaintiff-appellee.
L. Michael Cooper, Baton Rouge, for intervenor-appellee.
*590 Charles Raymond, Baton Rouge, for defendant-appellant.
William R. D'Armond, M. O'Neal Walsh, Baton Rouge, for defendant-appellee.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
Terotechnology Corporation appeals the trial court's grant of summary judgment which dismissed its third party demand against appellee, American Manufacturers Mutual Insurance Company. We reverse.
Plaintiff, N.A. "Red" Mason, was employed by Terotechnology, a subcontractor of Stauffer Chemical. Mason was injured while working for Terotechnology on a job under contract with Stauffer. Mason sued Stauffer, alleging that Stauffer's sole negligence was the cause of his injury.
Stauffer filed a third party demand against Terotechnology for costs of defense and indemnification pursuant to an indemnification agreement between the two. Terotechnology answered, denying responsibility under the indemnification agreement, reconvening against Stauffer and bringing a third party demand against its insurer, American Mutual, for failing to provide a defense pursuant to their insurance contract.
American Mutual filed a motion for summary judgment, arguing that coverage was excluded under the allegations of the original plaintiff's petition. The trial court granted the summary judgment and dismissed Terotechnology's third party demand against American Mutual. Terotechnology appeals the trial court's decision.
Stauffer, in its third party demand against Terotechnology, alleged that the negligence or fault of another was the cause, in whole or in part, of the accident. This allegation was the basis for Stauffer's demand for indemnification by Terotechnology under the Stauffer-Terotechnology indemnity agreement.[1]
Terotechnology's claim against American Mutual is based on the following provisions of their insurance policy:
"The company will pay on behalf of the insured all sums which the insured by reasons of contractual liability assumed by him under a contract designated in the schedule for this insurance, shall be legally obligated to pay as damages because of bodily injury and property damage... the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if the allegations of the suit are groundless, false or fraudulent ..."
The trial court based its decision on Mason's petition which alleged that his injury was due to the sole negligence of Stauffer. The trial court ruled that Terotechnology was not liable for indemnification to Stauffer under the allegations of Mason's petition and, therefore, American Mutual had no obligation to defend Terotechnology.
The issue on appeal is whether American Mutual had an obligation to defend Terotechnology against Stauffer. American Mutual argues that American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (La.1969) is applicable in this instance. In Czarniecki, the Supreme Court stated that the insurer's duty to defend its insured is determined by the allegations of the injured plaintiff's petition. The present case is distinguishable from Czarniecki in that the cause in Czarniecki was in tort, whereas the action between Stauffer and Terotechnology is in contract.
American Mutual's obligation to defend is governed by Stauffer's third party demand against Terotechnology, the indemnification agreement between Stauffer and Terotechnology and the policy of liability insurance between American Mutual and Terotechnology. Thus, the controlling petition is Stauffer's third party demand against Terotechnology. The trial court erred in basing its decision on the Mason petition since it does not directly affect the resolution of this issue.
*591 The insurer's obligation to defend its insured is broader than its liability for damages. The allegations of the third-party plaintiff's petition determine whether the insured has a duty to furnish a defense unless the petition unambiguously excludes coverage. See Czarniecki, 230 So.2d at 259; and Schilling v. Bigelow Liptak Corp., 427 So.2d 452 (La.App. 1st Cir.1982), writs denied, 433 So.2d 181 (La.1983). Stauffer's demand against Terotechnology does contain allegations which, if proven, subject Terotechnology to liability under the indemnification agreement. Hence, Terotechnology has the right to call upon American Mutual to provide a defense pursuant to the provisions of the insurance policy.
Accordingly, the judgment of the trial court is reversed and the matter is remanded. Appellee is to pay all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] A copy of the indemnification agreement was not in the record.