504 So.2d 1051 (1987)
DUGAS PEST CONTROL OF BATON ROUGE, INC., et al
v.
The MUTUAL FIRE, MARINE AND INLAND INSURANCE COMPANY.
No. 85 CA 1519.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
*1052 Carey J. Guglielmo, Baton Rouge, for Dugas Pest Control of Baton Rouge, Inc., and Douglas R. MacPherson.
William C. Shockey, Baton Rouge, for Mutual Fire, Marine & Inland Ins. Co.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
This appeal raises issues concerning an insurer's obligation to defend its insured; the effect that ethical considerations have on the insurer's obligation to defend; and the damages that result from a breach of the insurer's obligation to defend. The plaintiffs are Dugas Pest Control of Baton Rouge, Inc. and its corporate president, Douglas Richard MacPherson. Dugas sued its insurer, The Mutual Fire, Marine and Inland Insurance Company, for reimbursement of attorney's fees Dugas previously incurred defending itself in a separate suit. Dugas claims Mutual was obligated to provide a defense in the earlier suit. Mutual appeals the trial court's judgment in favor of Dugas.

FACTS
In 1980, the Raglands, a young couple living in East Baton Rouge Parish, discovered insect damage to the wood structure of the house they had recently purchased. They sued the Viators, the vendors of the home; Dugas who had provided exterminator services at the house and an inspection certificate at the act of sale; and Mutual, Dugas' insurer. Mutual had issued to Dugas an insurance policy that was in effect at the time Dugas worked on the house. Initially, Mutual declined to represent Dugas. It claimed that a clause in the insurance policy excluded from coverage the acts which were alleged to have caused the damage to the house. Later, apparently on the advice of counsel, Mutual changed its position and decided to defend the suit on Dugas' behalf. In the answer that it filed *1053 on behalf of Dugas and itself, Mutual admitted the existence of the insurance policy; however, it specifically denied that coverage was provided. Even so, Mutual represented Dugas in all the usual pre-trial proceedings. Throughout these proceedings, Dugas was given no indication that Mutual was going to provide it with anything less than a complete defense on all the issues.
On the afternoon of the second day of trial, Mutual's counsel informed Dugas that Mutual was going to deny coverage. Later that afternoon the trial concluded. Judgment was eventually rendered against the Viators, Mutual, and Dugas. On behalf of both Mutual and Dugas, Mutual filed a motion for a new trial on the grounds the judgment was contrary to the law and evidence. Subsequently, the Viators also filed a motion for a new trial. They alleged that the trial court erred in failing to find Dugas (and Mutual) solely liable for the damage. Alternatively, they alleged the trial court erred in failing to grant them indemnification against Dugas.
Several weeks later, in a supplemental memorandum in support of its motion for a new trial, Mutual asserted that the plaintiff failed to establish insurance coverage by Mutual. The grounds for this allegation were that the plaintiff failed to introduce the insurance policy into the record, and there was no other evidence to establish liability on the part of Mutual. In response to these pleadings which denied coverage, Dugas retained Carey Guglielmo as its counsel. Guglielmo promptly enrolled as Dugas' attorney of record.
Eventually, the trial court rendered judgment on the motions for a new trial. The trial court denied the Viator's motion on the indemnity issue. It did, however, grant Mutual's motion on the coverage issue. In written reasons the trial court stated that the plaintiffs had failed in their burden of proving insurance coverage.
The court then noted that Mutual's counsel, still representing Dugas at the time, had created an apparent conflict of interest. As part of its reasons for granting the motion for a new trial, the court stated:
"To deny Dugas the opportunity to establish coverage where his own attorney in the trial is now denying coverage would be a gross injustice and will not be countenanced by this court." A new trial was held and the policy was introduced. The court reinstated its original judgment after finding that the policy provided coverage for the loss.
Dugas' counsel represented Dugas in the Viator's appeal of the judgment. The Viator's appeal again raised the question of Dugas' liability to them. Mutual did not appeal the judgment. The Viators lost and that judgment is now final. See Ragland v. Viator, 426 So.2d 231 (La.App. 1st Cir. 1983).
Subsequently, Dugas filed the instant suit against Mutual for an alleged breach of Mutual's contractual obligation to defend Dugas in the earlier suit. The trial court rendered judgment against Mutual in the sum of $6,015.15. Mutual brings this appeal.

OBLIGATION TO DEFEND
Mutual raises two assignments of error. The first is that it had no duty to defend Dugas. The second is that if it did have a duty to defend, this duty was properly discharged.
Generally, in the terms of its liability policy, an insurer contractually agrees to provide its insured a legal defense for liability claims against the insured. Problems arise, however, when the insurer concludes that its policy does not provide coverage for the particular claim made against its insured. The insurer is faced with a dilemma between its duty to defend its insured from liability and its right to contest coverage with its insured.
Moreover, the insurer has a duty to defend its insured even though there may ultimately be no liability on the insured's part. The insurer is obligated to provide this defense unless the allegations of the petition unambiguously exclude coverage. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); Mason v. Stauffer Chemical Co., *1054 461 So.2d 589 (La.App. 1st Cir.1984). Thus, although the allegations of the petition may ultimately turn out incorrect or untrue, the insurer is still obligated to provide a defense.
In order to protect itself, the insurer may find itself providing its insured with a defense to the liability claim and at the same time contesting with its insured whether the policy provides coverage. If the insured hires an attorney to represent him on the coverage issue, he generally will have to bear these costs himself.
In Clemmons v. Zurich General Accident & Liability Insurance Co., 230 So.2d 887, 895 (La.App. 1st Cir.1969), this court stated:
Our courts have recognized that an insurer may deny coverage and yet furnish its insured with a defense without subjecting itself to liability.
... Further, an insured who hires an attorney to litigate the issue of coverage alone is not entitled to recover for attorney fees. (citations omitted)
An additional complication arises when the insurer hires only one attorney to represent both the insured on the liability issue and the insurer on the coverage issue. Some earlier cases appear to have sanctioned such an arrangement;[1] however, they did not address the ethical considerations involved. When these kinds of competing interests are at stake, if the same attorney represents both the insurer and the insured, a conflict of interest results.
The Louisiana State Bar Association's Committee on Professional Ethics and Grievances, in a formal opinion, has stated, "Where the insurer either denies coverage to the insured or reserves its rights to do so subsequently, ... the Committee is of the opinion that it would be improper ... for the same attorney to represent both the insurer and the insured." (Opinion No. 342, May 30, 1974).
Accordingly, if the insurer chooses to represent the insured but deny coverage it must employ separate counsel. If it fails to do so, the insurer is liable for the attorney fees and costs the insured may incur for defending the suit. See Storm Drilling Company v. Atlantic Richfield Corporation, 386 F.Supp. 830 (E.D.La.1974); 15 W. McKenzie & H. Johnson, Civil Law Treatise, Insurance Law and Practice. § 216 (1986).
Mutual maintains that it fully satisfied its obligation to defend Dugas. It points out that Dugas received a full defense on the merits and the only issue at the new trial was coverage. While these facts are true, Mutual ignores other pertinent evidence in the record. The trial court found that when Mutual raised its motion for a new trial, it breached its obligation to defend. We agree with this holding. While the new trial was only concerned with the coverage question, the motion for a new trial was not. The conflict of interest developed, at the latest, when Mutual filed its motion for a new trial. In this motion Mutual denied coverage. In the separate motion filed by the Viators, they raised the issue of indemnity against Dugas on their third party demand. At that moment, Mutual was still representing Dugas as to Dugas' liability on the indemnity claim and at the same time was denying coverage. The attorney Mutual provided Dugas to represent it on the liability claim was working against Dugas on the coverage issue. Later, the trial court rejected the indemnity claim and set the new trial only on the coverage issues. Nevertheless, had the trial court decided differently on these issues, Dugas could have suffered a highly prejudicial outcome.
Furthermore, after that judgment was rendered, Mutual continued to breach its obligation to defend Dugas. When the Viators filed an appeal from the judgment, they alleged that the trial court erred in regard to their indemnification claim against Dugas. Thus Dugas was in need of a defense from the increased liability it might have incurred through an adverse judgment on appeal. Because Mutual *1055 failed to provide Dugas a defense from the liability issues on appeal, it is liable for those attorney fees incurred by Dugas.
Mutual's remaining contention is that even though it initially undertook a defense on Dugas' behalf, it never actually owed Dugas a defense. Mutual relies on language in Smith v. Insurance Company of State of Pennsylvania, 161 So.2d 903 (La.App. 1st Cir.1964), and Kelly v. United States Fidelity & Guaranty Company, 76 So.2d 116 (La.App. 2d Cir.1954). These cases provide that even though an insurer is eventually found liable under the policy, the insurer does not owe its insured a defense if coverage is unambiguously excluded under the allegations of the complaint. Accordingly, Mutual is still arguing that pursuant to the exclusionary endorsement there was no coverage for those actions of Dugas that formed the basis of the original lawsuit. We do not have the original trial court's reasons for its judgment finding the insurance policy provided coverage. Nor did the lower court in the instant suit mention the provisions of the policy in its reasons for judgment. In the absence of reasons for judgment, a trial court is presumed to have correctly applied the law to the facts. Motton v. Travelers Insurance Co., 484 So.2d 816 (La.App. 1st Cir.1986); Blackwell v. Blackwell, 413 So.2d 1331 (La. App. 1st Cir.1982).
We need not address whether the particular exclusion in the policy unambiguously applied to the allegations against Dugas. We agree with Dugas' contention that the allegations of the pleadings in the original lawsuit against Dugas, the supplemental and amending petition, and particularly those issues raised in the vendors' third party demand, raise broader questions of coverage than the exclusion addresses. The trial court could have found coverage pursuant to those other provisions of the policy. Whether the court's decision was ultimately correct is a question precluded by the finality of the earlier judgment. The policy as a whole did not unambiguously exclude coverage in light of the allegations contained in the pleadings.

DECREE
Accordingly, for the above and foregoing reasons, the decision of the trial court is affirmed. Defendant is cast for costs.
AFFIRMED.
NOTES
[1] See Champion v. Farm Bureau Insurance Co., 352 So.2d 737 (La.App. 3d Cir.1977); Breitenbach v. Green, 186 So.2d 712 (La.App. 4th Cir. 1966).