648 So.2d 1103 (1994)
Jose Eddy VARGAS, et ux
v.
DANIELL BATTERY MANUFACTURING COMPANY, INC., et al.
No. 93 CA 2282.
Court of Appeal of Louisiana, First Circuit.
December 29, 1994.
Rehearing Denied February 2, 1995.
*1104 Chandler Loupe, Baton Rouge, for plaintiffs-appellees Jose Eddy Vargas, et al.
Frank Fertitta, Amy Cazes, Justin P. Ransome, Sam J. D'Amico, Baton Rouge, for defendants-appellants Daniell Battery Mfg. Co., Inc.
Amos H. Davis, Baton Rouge, for defendant Audubon Indem. Co.
James E. Moore, Baton Rouge, for defendant WAUSAU Ins. Co.
Arthur H. Andrews, Baton Rouge, for defendant SAFECO Ins. Co. of America.
Dan Atkinson, Jr., Baton Rouge, for defendant Md. Cas. Co.
Keith Giardina, Baton Rouge, for defendant Schuylkill Metals Corp.
Before LOTTINGER, C.J., and CARTER and PITCHER, JJ.
PITCHER, Judge.
The defendants appeal from the trial court's granting of a motion for summary judgment in favor of Audubon Indemnity Company (Audubon). We reverse in part, affirm in part, and remand.

PROCEDURAL HISTORY
On October 4, 1988, plaintiffs, Jose Eddy Vargas (Jose) and Blanca Vargas (Blanca), husband and wife, filed a petition for damages against Daniell Battery Manufacturing Company (Daniell Battery) and XYZ Insurance Company. Jose alleged that he worked for Daniell Battery from 1963 through 1983 in the company's battery manufacturing plant located at 11150 South Choctaw Drive in Baton Rouge, Louisiana. Jose contended that he was intentionally exposed to unsafe, high levels of lead which existed at the plant site. Blanca contended that she likewise suffered damages because of the lead exposure allegedly suffered by Jose.
Jose and Blanca filed second, third, and fourth supplemental and amending petitions asserting that E.G. Taylor (Taylor) was the executive officer concerned with the day-to-day management and operation of Daniell Battery. Jose further asserted that Taylor intentionally allowed him to be exposed to high levels of lead knowing that illness or permanent irreversible damage could result. Additionally, Jose set forth a claim for worker's compensation, and asserted that SAFECO Insurance Company of America and WAUSAU Insurance Company provided liability *1105 insurance to Daniell Battery and Taylor.
On November 2, 1990, and on August 28, 1991, Everildo Carlos Vargas (Everildo) and Carmen Pino Vargas (Carmen); and Luis Torres (Luis) and Olidia Torres (Olidia), respectively, filed petitions in tort against Daniell Battery and Taylor alleging the same type of negligent or intentional acts and injuries suffered by Jose and Blanca. On July 30, 1992, Audubon filed a petition for declaratory judgment stating that there existed a controversy between Audubon and Daniell Battery regarding contractual obligations under the commercial general liability policy issued to Daniell Battery during the period of October 1, 1988 through October 1, 1990.[1]
On December 1, 1992, through a motion to consolidate filed by Audubon, the pending cases of Jose, Everildo, Luis, and Audubon's suit for declaratory judgment, were consolidated for pre-trial and discovery purposes. On November 3, 1992, Audubon had filed a motion for summary judgment alleging that there were no issues of material fact which would bind Audubon in any of the suits filed because Daniell Battery's policy contained exclusionary clauses that barred coverage for the employee's alleged injuries.
On March 23, 1993, the trial judge granted the summary judgment holding that under Audubon's insurance policy, coverage was excluded. Daniell Battery and Taylor filed a motion for new trial in relation to the suits filed by Everildo and Luis. The trial judge denied the motion for new trial. Daniell Battery and Taylor now appeal[2] and allege the following assignments of error:
1. The trial court erred in finding that Audubon's exclusionary clauses within its policies issued to Daniell Battery excluded coverage for the injuries suffered by the plaintiffs.
2. The trial court erred in not finding that Audubon was estopped from denying coverage due to its prior position in filing pleadings on behalf of defendants relating to the same suits.
3. The trial court erred in not finding that Audubon's filing of its motion for summary judgment is inconsistent with its previous filing of a petition for a declaratory judgment.
We will first address whether Audubon was estopped from denying coverage due to its prior position of hiring counsel for the Everildo suit.

ASSIGNMENT OF ERROR NUMBER TWO
Daniell Battery and Taylor assert that the trial court erred in granting the motion for summary judgment in favor of Audubon when the doctrine of equitable estoppel prevented Audubon from denying coverage. They further assert that Audubon retained the law firm of Powers, Vaughn, Clegg, Guerry, & Willard[3] to represent them in the Everildo suit, and Audubon's counsel filed a motion for summary judgment on their behalf. They further contend that Audubon is estopped from asserting the defense of noncoverage, since it did afford a defense to them.
Audubon, on the other hand, contends that it employed counsel to represent Daniell Battery and Taylor because of its duty to defend under Daniell Battery's insurance policy. Audubon further states that since there was a conflict of interest on the issue of coverage, it employed separate counsel to represent Daniell Battery and Taylor.
A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions, *1106 on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Lewis v. Diamond Services Corporation, 93-1150, p. 5 (La.App. 1st Cir. 5/20/94); 637 So.2d 825, 828, writ denied, 94-1638 (La. 10/14/94); 643 So.2d 159. The burden is upon the mover for summary judgment to show that no genuine issues of material fact exist, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Ledet v. Quality Shipyards, Inc., 615 So.2d 990, 992 (La.App. 1st Cir.1993).
The duty of a insurer to defend an insured is determined by the allegations of the plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Foret v. Terrebonne Towing Co., 632 So.2d 344, 347 (La.App. 1st Cir.1993), writ denied, 94-0734 (La. 5/13/94); 637 So.2d 1067. If the insurer chooses to represent the insured but deny coverage it must employ separate counsel. Dugas Pest Control of Baton Rouge, Inc. v. Mutual Fire, Marine and Inland Insurance Company, 504 So.2d 1051, 1054 (La.App. 1st Cir.1987). When a conflict of interest arises and the insurer has knowledge of facts indicating noncoverage, it must obtain a nonwaiver agreement to reserve its right to deny coverage. Foret v. Terrebonne Towing Co. Inc., 632 So.2d at 347. If the insurer has knowledge of facts indicating noncoverage and voluntarily assumes the insured's defense without obtaining a nonwaiver agreement to reserve rights, the insurer effectively waives all such policy defenses. Foret v. Terrebonne Towing Co., 632 So.2d at 347.
In a December 5, 1990 letter, John Price, an attorney with Powers, Vaughn & Clegg, stated that he was retained as counsel to represent Daniell Battery and Taylor in the Everildo suit. On January 14, 1991, John Price filed an answer to the suit, and subsequently, he filed a third party demand, on behalf of Daniell Battery and Taylor. Mary Cazes, an attorney with the same law firm, filed, on behalf of Daniell Battery and Taylor, a first supplemental memorandum in support of a motion for summary judgment filed by another defendant in the suit.
In Everildo's 1990 petition, he alleged that during the course and scope of employment, he was required to enter an unsafe contaminated area that exposed him to high levels of lead. Before separate counsel representing Audubon filed a motion for summary judgment denying coverage, the law firm of Powers, Clegg, & Willard represented Daniell Battery and Taylor for approximately thirty-six months. Undoubtedly, in 1990 or shortly thereafter, Audubon could have been made aware of the fact that Everildo's alleged injury occurred during the course and scope of his employment with Daniell Battery.
Thus, a genuine issue of material fact exists as to whether or not Audubon had knowledge of facts indicating noncoverage and voluntarily assumed Daniell Battery and Taylor's defense in Everildo's suit without obtaining a nonwaiver agreement to reserve its rights to deny coverage. Thus, the trial court erred by granting the motion for summary judgment against Everildo and Carmen.

ASSIGNMENT OF ERROR NUMBER ONE
Because we believe a genuine issue of material fact exists as to whether Audubon waived its right to deny coverage in the Everildo suit, it is not necessary to discuss this assignment of error in reference to Everildo and Carmen.
By this assignment of error, Daniell Battery and Taylor allege that the trial court erred in finding that Audubon's exclusionary clause excluded coverage for the injuries sustained by Luis and Olidia. Specifically, they argue that the exclusionary language in Section 1 Coverage A 2 e. of the policy is ambiguous. They further contend that Luis alleges an intentional tort, and therefore, this exclusion is ambiguous because it does not state whether the policy applies to injuries that arise out of and in the course of employment by way of an intentional act.
The interpretation of an insurance contract is usually a legal question which can *1107 be properly resolved in the framework of a motion for summary judgment. When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. Alford v. Kaiser, 589 So.2d 546 (La.App. 1st Cir.1991), writ denied, 594 So.2d 893 (La.1992). Words of an insurance policy should be construed in their general and popular interpretation and not that which is strained and unusual. Graham Resources, Inc. v. Lexington Insurance Co., 625 So.2d 716 (La.App. 1st Cir.1993), writ denied, 93-2809 (La. 1/13/94); 631 So.2d 1164.
Audubon's commercial general liability policy, Section 1, Coverage A, 2 e. provides as follows:
2. Exclusions
This insurance does not apply to:
* * * * * *
e. "Bodily Injury" to:
(1) An employee of the insured arising out of and in the course of employment by the insured; or
(2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.
This exclusion applies:
(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) to any obligation to share damages with or repay someone else who must pay damages because of the injury.
This exclusion does not apply to liability assumed by the insured under an "insured contract".
In Franklin v. J.A. Jones Construction Co.,[4] 391 So.2d 1321 (La.App. 4th Cir.1980), and Jones v. Thomas,[5] 557 So.2d 1015 (La. App. 4th Cir.1990), the court interpreted an identical exclusionary clause and determined that the clause was clear and unambiguous and concluded that the policy did not apply to the employees' injuries. Thus, applying the same reasoning as in Franklin and Jones, we find no merit in Daniell Battery and Taylor's contention that the exclusion is ambiguous. An understanding of the policy in the common ordinary sense supports a finding that the language "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured" means any bodily injury whether as a result of negligence or an intentional tort by a third party or a co-employee. Thus, the trial court correctly granted the summary judgment in favor of Audubon on the basis of noncoverage for Luis and Olidia's injuries.
Audubon moved for summary judgment on the basis of four exclusionary clauses.[6] Because we find that the trial court correctly held that Section 1, Coverage A, 2 e. of the policy excludes coverage, we pretermit a discussion of the remaining exclusionary clauses.

ASSIGNMENT OF ERROR NUMBER THREE
Through this assignment of error, Daniell Battery and Taylor contend that on July 30, 1992, Audubon filed a petition for *1108 declaratory judgment alleging that a controversy existed as to whether the insurance policy issued by Audubon provided coverage for Daniell Battery's injured employees. They further contend that after consolidating all of the suits, Audubon, on November 3, 1992, filed a motion for summary judgment alleging that no material issues of fact existed in any of the suits. Daniell Battery and Taylor argue that Audubon's subsequent action of filing a motion for summary judgment is inconsistent with the previous action for declaratory judgment. They further contend that Audubon is judicially estopped from alleging that there are no material issues of fact when Audubon previously stated that there were issues of fact that had to be resolved.
According to LSA-C.C.P. art. 966(A), the plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed.
The trial court, by its ruling on the motion for summary judgment, granted part of the relief sought in the declaratory judgment action. In the action for declaratory judgment, Audubon prayed that there be judgment recognizing that Audubon's policy did not provide coverage for Daniell's employees' injuries, and in the action for summary judgment, Audubon alleged, once again, that its insurance policy did not provide coverage for the employees' injuries. Thus, the relief prayed for in the declaratory judgment was consistent with the relief sought in the motion for summary judgment. See Treadway v. Vaughn, 633 So.2d 626 (La.App. 1st Cir. 1993), writ denied, 94-0293 (La. 3/25/94); 635 So.2d 233. Thus, this assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the trial court's granting of the motion for summary judgment against Everildo and Carmen is reversed. The granting of summary judgment against Luis and Olidia is affirmed and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are to be divided equally between the parties.
REVERSED IN PART, AFFIRMED IN PART, and REMANDED.
NOTES
[1] Audubon was not named as a defendant in any of the petitions filed by Jose, Everildo, or Luis, but Audubon became involved in the lawsuit by way of its petition for declaratory judgment and its motion to consolidate the cases.
[2] The Jose suit was not appealed. Audubon issued insurance policies to Daniell Battery for the time period of October 1, 1988 through October 1, 1990. The alleged injuries suffered by Jose occurred between the time period of 1963 through 1983.
[3] Throughout the representation of Daniell Battery and Taylor, the law firm of Power, Vaughn, Clegg, Guerry, & Willard had several partnership changes. The name of the law firm has changed several times and is presently known as Powers, Clegg, and Willard.
[4] Isaac Franklin appealed a summary judgment in the trial court dismissing defendant, Aetna Casualty and Surety Company, from his suit for personal injuries sustained during the course and scope of his employment with J.A. Jones Construction Company. On the date of the accident, there was in effect a comprehensive liability policy of Aetna which contained the identical exclusion in the instant case. The issue was whether the liability policy provided coverage for Franklin's injuries.
[5] Willie Jones appealed a trial court judgment dismissing defendant, Puritan Insurance Company, from his suit for personal injuries he received when he was punched in the jaw by a co-employee at their place of employment. Puritan Insurance Co. had a commercial liability policy in effect on the date Jones sustained his injuries. The court addressed the issue of whether the liability policy covered the injuries.
[6] Audubon also asserted that coverage was excluded based on the following exclusions: 1) an exclusion for "any obligation of the insured under a worker's compensation, disability benefits or unemployment compensation law or any similar law," 2) an exclusion for "bodily injury ... expected or intended from the standpoint of the insured," and 3) an exclusion for "bodily injury... arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants."