896 F.Supp. 637 (1995)
Theodore R. RYMAL, Jr., et al.
v.
Larry J. WOODCOCK, et al.
Civ. A. No. 90-0237-LC.
United States District Court, W.D. Louisiana, Lake Charles Division.
July 6, 1995.
Robert L. Dow, Lake Charles, LA, and Donald Coleman Brown, Woodley Williams Fenet Boundreau & Brown, Lake Charles, LA, for Theodore R. Rymal, Jr. and Poscon, Inc.
A.J. Gray, III, Anna R. Gray, Gray Law Firm, Lake Charles, LA, for Larry J. Woodcock, Larco Sales & Service, Inc. and Larco Environmental Services, Inc.
Donald Coleman Brown, Woodley Williams Fenet Boundreau & Brown, Lake Charles, LA, for Robert L. Dow.
Joseph A. Brame, Brame & McCain, Lake Charles, LA, for Scottsdale Insurance Co.

RULING
NAUMAN S. SCOTT, District Judge.
Before the court is defendants' Motion for Summary Judgment to determine whether Scottsdale Insurance Company has a duty to defend Larry J. Woodcock, Larco Sales and Service, Inc. and Larco Environmental Services, Inc. (hereafter Larco) with respect to patent infringement and state law claims at issue in this case. We hereby find that Scottsdale is obligated to assume Larco's defense of all the claims in this suit.
The applicable Louisiana insurance law is set forth in Gregory v. Tennessee Gas Pipeline Co., 948 F.2d 203, 205 (5th Cir.1991). In that case the Fifth Circuit stated that

*638 [a]n insurer's duty to defend is broader than its liability for damage claims. Bell v. Sediment Removers, Inc., 479 So.2d 1078, 1082 (La.App. 3rd Cir.1985), cert. denied, 481 So.2d 1350 (La.1986). The pleadings alone determine whether the claims absolve the insurer of the duty to defend. C.L. Morris, Inc. v. Southern American Ins. Co., 550 So.2d 828, 830-831 (La. App.2d Cir.1989); Aetna Ins. Co. v. Grady White Boats, Inc., 432 So.2d 1082, 1086 (La.App. 3rd Cir.1983). An insurer owes a duty to defend unless the claims made against the insured are clearly excluded from coverage in the policy. C.L. Morris, 550 So.2d at 830-31. The insurer must defend the insured if the complaint discloses even a possibility of liability under the policy. Jensen v. Snellings, 841 F.2d 600, 612 (5th Cir.1988). If only one claim falls within the duty to defend then the insurer must defend the entire case and the court should liberally construe the complaints to determine whether any one claim triggers the duty to defend. Id.; Armstrong v. Land & Marine Applicators, Inc., 463 So.2d 1327, 1331 (La.App. 5th Cir.1984).
Applying these precepts to the policy at issue, we find that the endorsement language can reasonably be construed to provide coverage for some or all of the plaintiff's claims. The pleadings include a federal claim of patent infringement and state law claims of unfair trade practices and misappropriation of trade secrets. The applicable endorsement covers "Advertising Injury Liability" which is ambiguously defined as "injury arising out of an offense committed during the policy period occurring in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition, or infringement of copyright, title or slogan." (Emphasis added). Therefore, the question before the court is whether there is a possibility that patent infringement, unfair trade practices or misappropriation of trade secrets is included under the headings of piracy or unfair competition in advertising. We find that there is such a possibility that some or all of the claims fall within the terms of the endorsement.
Both the nature of our inquiry and the gross ambiguity of the contract language strengthen our conclusion. A court must decide whether an insurer is obligated to assume an insured's defense before having all of the relevant evidence at its disposal. Without the benefit of a crystal ball, a court must make its best guess based on the available evidence, arguments and jurisprudence about whether claims are covered under a policy. Larco has offered some evidence of its advertising activities and has demonstrated a possibility of coverage under the endorsement. Under Louisiana law, this showing is sufficient to trigger the duty to defend.
We note that under Louisiana law, if a policy calls for a defense, an insurer must provide a defense even if ultimately the insurer is found to have no liability under the policy. Peavey Co. v. M/V ANPA, 971 F.2d 1168 (5th Cir.1992), citing Dugas Pest Control of Baton Rouge v. Mut. Fire, Marine and Inland Ins. Co., 504 So.2d 1051, 1053 (La.App. 1st Cir.1987). To protect itself, an insurer can simultaneously provide a defense and contest coverage by obtaining a nonwaiver agreement allowing the insurer to reserve its rights. Id. (Citations omitted). An insurer that reserves its right to deny coverage can discharge its contractual duty by hiring separate counsel to represent the insured. National Union Fire Ins. Co. v. Circle, Inc., 915 F.2d 986, 991 (5th Cir.1990).
Finally, the great ambiguity of the endorsement language supports our holding. The common law insurance canon of contra proferentum and Louisiana Civil Code Art. 2056 stand for the simple rule that ambiguous contractual language must be construed against the drafter. La.Civ.Code Ann. (West 1995). The court reads the endorsement language to include coverage for the following: an injury arising out of an offense committed during the policy period, occurring in the course of advertising activities, if the injury arises out of one of the enumerated offenses. Combine this lucid language with the words unfair competition and piracy, which have been interpreted in a number of different ways, and the result is a very cloudy coverage question indeed. Such ambiguous coverage *639 language allows an insurer to construe the policy in its best interests no matter what the parties originally intended. To allow the insurer to deny its duty to defend based on this language would be to encourage the drafting of similar language. Encouraging similar language would be bad public policy.
Accordingly, we hold that Scottsdale Insurance Company must assume Larco's defense in this matter. However, we do not herein decide questions relating to Scottsdale's liability under the policy.