laWATKINS, Judge.
These consolidated suits involve one of several lawsuits against Daniell Battery Manufacturing Company, Inc. (Daniell), its employees, and its executive officers for injuries allegedly received from exposure to lead. See suits listed in Vargas v. Daniell Battery Manufacturing Company, 93-2282 (La.App. 1st Cir. 12/29/94); 648 So.2d 1103. The other suit was brought by an insurer which seeks a declaratory judgment regarding coverage.
Alton J. Knighten was an employee of Daniell from 1968 through 1980. Mr. Knighten alleges he was exposed to high levels of lead dust at the Daniell manufacturing facility during this period of time. In 1993, Mr. Knighten[2] filed a tort suit against Daniell and two of Daniell’s executive officers, E.G. Taylor and Tom Ferris, alleging that his exposure to lead dust was the result of an intentional act under LSA-R.S. 23:1032, thus eliminating tort immunity provided by the Workers’ Compensation Act to his employer and its officers.
Mr. Knighten was employed by Daniell from 1968 until the end of 1980. However, Safeco did not write any coverage of any sort for Daniell until October 1, 1977. Therefore, its coverage coincided with the 1976 amendment to the Workers’ Compensation Act which limits Mr. Knighten’s recovery to workers’ compensation benefits unless his lawsuit is based on intentional torts of Dan-iell’s officers.[3] Therefore, the coverage issue involved in this appeal is the narrow one *1199 involving the allegations of intentional acts by Mr. Taylor and Mr. Ferris which allegedly resulted in damages to Mr. Knighten from October 1, 1977, until he terminated his employment at the end of 1980.
From October 1, 1977, through September 30, 1988, Daniell purchased multi-line insurance packages from Safeco Insurance Company of America and General Insurance Company of America (hereinafter referred to as “Safeco” collectively.) On October 27, 1994, Safeco, which had not been named as a defendant in the Knighten suit, filed a declaratory judgment action against the Knightens, Daniell, and its two executive officers, [.¡seeking an interpretation of the exclusionary language of its general lability policy. Thereafter, the two suits were consolidated.
Safeco filed a motion for summary judgment; on August 1, 1995, the trial judge signed a judgment in favor of Safeco and against Daniell, Mr. Taylor, Mr. Ferris, and all of the Knightens, individually and in their representative capacity. The judgment specified that the Safeco policies did not provide insurance coverage for any judgment which may be rendered in favor of any party in the Knighten suit; that Safeco was not obligated to indemnify or defend the defendants in the Knighten suit; and that no party had any right of reimbursement, beneficial or other entitlement of any benefit under the policies, including the proceeds arising out of such policies. This appeal followed.[4]
INTENTIONAL ACT
In support of its contention that its policy does not provide coverage for the' intentional acts of the two executive officers alleged by Mr. Knighten, Safeco relies on the following language in its policy: “[T]he company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence.” The policy then defines an “occurrence” as “an event including repeated and continuous exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.”
In their first assignment of error, appellants Daniell and its officers claim the trial court erred in determining that the subjective intent inquiry required in interpreting coverage under the Safeco policy is the same inquiry as that required in assessing intent for purposes of the Workers’ Compensation Act. We disagree.
Appellants urge us to distinguish between the executive officers’ acts when they “believed that the result was substantially certain to follow” and their acts, as insureds, when they had a “subjective intention and expectation” that injury would occur, Breland v. 5Schilling, 550 So.2d 609 (La.1989). However, the two expressions present a distinction without a difference.[5] We agree with a previous panel of this court that policy language excluding “bodily injury to any employee of the insured arising out of and in the course of his employment by the insured” means any bodily injury whether as a result of negligence or an intentional tort by a third party or a co-employee. See Vargas, supra.
In support of their argument, appellants rely on White v. Monsanto Co., 585 So.2d 1205 (La.1991), quoting only a brief excerpt from the majority opinion therein. However, appellants fail to quote other language from that case which is more pertinent and which, in our opinion, is decisive of the issue appellants raise. The Louisiana Supreme Court stated:
LSA-R.S. 23:1032 makes worker’s compensation an employee’s exclusive remedy *1200 for a work-related injury caused by a co-employee, except for a suit based on an intentional act. The words “intentional act” mean the same as “intentional tort.” The legislative aim was to make use of the well-established division between intentional torts and negligence in common law. The meaning of “intent” is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself. Only where the actor entertained, a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional. Bazley v. Tortorich, 397 So.2d 475 (La.1981) (Emphasis supplied.)
585 So.2d at 1208. Furthermore, this court has stated, “Mere knowledge and appreciation of risk does not constitute intent, nor does reckless or wanton conduct or gross negligence.” Landry v. Uniroyal Chemical Co., 94-1274 at 8 (La.App. 1st Cir. 3/3/95); 653 So.2d 1199, 1203, writ denied, 95-1381 (La.9/15/95); 660 So.2d 461.
Thus, we conclude that the above quoted language in the Safeco policy, which provides coverage except for bodily injury “expected” or “intended” by the insured, excludes coverage for Daniell.
Anticipating the possibility of the above conclusion, appellants next argue that the above exclusion does not exclude coverage for Mr. Taylor and Mr. Ferris because they were not the insureds who employed Knighten and therefore his injury did not arise out of his employment by them. This argument is of no avail to appellants because of another l6exclusion in the Safeco policy. Appellants admit Mr. Taylor and Mr. Ferris were named insureds under the policy, but as “executive officers” as distinguished from “employees.” Appellants urge this distinction because the “Extended Liability Insurance Endorsement” contains the following exclusion:
This endorsement modifies such insurance as is afforded by the provisions of the policy relating to ... BLANKET LIABILITY INSURANCE [:] Additional Declarations ... 2. Insurance for Employees [:] For coverages A and B only, the ‘persons insured’ provisions is amended to include any of your employees while acting within the scope of duties as employees. This insurance for employees does not apply to ... [b]odily injury or personal injury to ... [a]nother of your employees if the injury arises from or in the course of their employment....
The fallacy in appellants’ argument is that for the co-employee exclusion quoted above to be inapplicable to Mr. Taylor and Mr. Ferris, we must find that an executive officer is not an employee of Daniell. On the contrary, it is clear that even executive officers, who admittedly work for and are paid by the corporation, are employees of the corporation.[6]
Having found that insurance coverage for the three defendants named in the Knighten suit is excluded by the unambiguous provisions of the Safeco policy, it is only necessary for us to discuss one other point raised by the appellants, specifically, that Safeco “waived all limitations, exclusions and provisions in its insurance contracts which it now uses to deny coverage to Darnell.” In making this argument, appellants have misstated the holding in Tate v. Charles Aguillard Ins. & Real Estate, Inc., 508 So.2d 1371 (La.1987). Instead of supporting appellants’ argument, Tate completely negates it. Applying the common law doctrine of waiver in insurance eases, Louisiana courts have stated *1201 that conditions going to the coverage or scope of a policy of insurance, as distinguished from those furnishing a ground for forfeiture, may not be waived by implication from conduct or action. Waiver cannot be used to extend insurance coverage to a risk not properly within the limits of a policy as written. Tate, 508 So.2d at 1374.
^Accordingly, we find no error in the judgment in Safeco’s favor, and we affirm. We cast appellants for all costs of this appeal.
AFFIRMED.

. The petition was filed by "Alton J. Knighten and Mary Louise Knighten, husband and wife, and their children Dwayne Knighten, Reginald Knighten, Darrell Knighten, and Alton J. Knight-en on behalf of his two minor children, Eric Knighten and Farrell Knighten." However, the appeal was perfected by Alton J. Knighten, apparently only in his individual capacity. Accordingly, the other plaintiffs are not before us.

.The Employers of Wausau Insurance Company (Employers) provided comprehensive general liability coverage immediately prior to Safeco's coverage. Employers provides coverage to the executive officers for liability growing out of ordinary negligence principles, and it is providing a defense to Daniell, Mr. Taylor and Mr. Ferris. Employers will also stand in judgment with them and will pay for any damages caused by them based upon ordinary negligence.

. After the signing of the judgment, Daniell, Mr. Taylor and Mr. Ferris moved for a new trial; that motion was denied on August 28, 1995. Thereafter, Daniell, Mr. Taylor, and Mr. Ferris perfected a suspensive appeal. In his brief, counsel for Safeco urges us to limit our consideration to the issues raised by those three appellants in their motion for new trial and not to consider the remaining issues in appellants’ brief. Because of our disposition of this case on the merits, it is unnecessary for us to address this request.

. Appellants also base their argument concerning the insurer's duty to defend on the asserted differences between "subjectively intended” and "substantially certain to occur.” Our discussion of appellants' assertions in the context of the coverage issue applies equally to the duty to defend issue.

. We are aware of two cases, which are not cited by the parties herein, but which might be interpreted as contrary to the conclusion we reach concerning the executive officers' status as a co-employee. In Credeur v. Luke, 368 So.2d 1030 (La.1979), the Louisiana Supreme Court held that the cross-employee exclusion was not applicable to the president of the insured corporation. However, Credeur is distinguishable from the instant case because Ae president Aerein was a named insured under the policy issued to the corporation. Credeur did not overrule prior jurisprudence applying Ae cross-employee exclusion to officers who were not named insureds. Likewise, McGuire v. Smith, 370 So.2d 895 (La.App. 1st Cir.1979), which followed Credeur is distinguishable from Ae instant case for Ae same reason.